

# NUMBER 13-19-00239-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**ISAIAS IRISSON JR.,**                                                                 **Appellant,**

**v.**

**LONE STAR NATIONAL BANK,**                                                   **Appellee.**

---

### On appeal from the County Court at Law No. 2
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes
Memorandum Opinion by Chief Justice Contreras**

Appellant Isaias Irisson Jr. filed a pro se notice of appeal regarding a final summary judgment rendered against him and in favor of appellee Lone Star National Bank (Lone Star). In the underlying proceeding, Lone Star filed suit against appellant for breach of a depository agreement seeking the deficit balance of appellant's bank account, costs of

court, and attorney's fees. The trial court's final summary judgment awarded Lone Star $6,674.80 as the unpaid deficit balance, attorney's fees of $1,767.50 with further contingent awards for appellate attorney's fees, expenses of $160.70, costs of court, prejudgment interest, and post-judgment interest. We dismiss the appeal.

## I. BACKGROUND

On May 17, 2019, the trial court signed the final summary judgment in this case. On July 12, 2019, the clerk's record was filed. On September 27, 2019, after some delays, the reporter's record was filed. Appellant did not timely file a brief.

On November 6, 2019, the Clerk of the Court notified appellant that his brief was due on October 28, 2019 and that the brief had not yet been filed. The Clerk advised appellant that the appeal would be dismissed for want of prosecution unless appellant reasonably explained the failure and the appellee was not significantly injured by the appellant's failure to timely file a brief.

On November 22, 2019, appellant filed a motion for extension of time to file his brief, seeking an extension of time until December 2, 2019. That same day, this Court granted appellant's motion for extension of time.

On December 2, 2019, appellant filed a brief which did not comply with Texas Rule of Appellate Procedure 38.1 and 9.4(g). *See generally* TEX. R. APP. P. 9.4, 38.1. On December 3, 2019, the Clerk notified appellant that his brief was defective and requested that he correct the defects. Specifically, the Clerk informed appellant that:

> The appellant's brief in the above cause was received by this Court on December 2, 2019. The brief fails generally to comply with Rule 9.4 (g), and 38.1(b)(c)(d)(f)(g)(h)(j) and (k) of the Texas Rules of Appellate Procedure. *See generally* TEX. R. APP. P. 9.4., 38.1. The brief's front cover is not in compliance in that it reflects the incorrect title of the document being filed. *See* TEX. R. APP. P. 9.4. The brief is not page numbered and the table of

contents fails to reference to the page numbers of the brief and it fails to indicate the subject matter of each issue or point, or group of issues or points as required by Rule 38.1(b); does not contain an index of authorities arranged alphabetically and indicating the pages of the brief where the authorities are cited as required by Rule 38.1(c); does not state concisely the nature of the case, the [course] of proceedings, and the trial court's disposition of the case and is not supported by record references as required by Rule 38.1(d); does not state concisely all issues or points presented for review as required by Rule 38.1(f); does not state concisely and without argument the facts pertinent to the issues or points presented and is not supported by record references as required by Rule 38.1(g); does not contain a succinct, clear, and accurate statement of the arguments made in the body of the brief; . . . does not contain a clear and concise argument for the contentions made, with appropriate citations to the authorities and to the record; and does not contain an appendix as required by Rule 38.1(k). Accordingly, we direct appellant to file an amended brief that complies with these rules within ten days from the date of receipt of this notice. If another brief that does not comply is received by the Court, the Court may strike the brief, prohibit appellant from filing another, and proceed as if appellant had failed to file a brief, under which circumstances the Court may affirm the judgment or dismiss the appeal. *See id*. R. 38.9(a), 42.3(b),(c).

On December 6, 2019, appellant filed a motion asking for this Court to provide him with a copy of the appellate record filed in this case. That same day, appellant filed a motion for extension of time to file an amended brief, seeking three additional weeks after his proposed receipt of the appellate record.

On December 18, 2019, this Court denied appellant's motion for a copy of the appellate record and instructed him that the appellate record could be obtained from the court reporter and Hidalgo County Clerk.

On December 20, 2019, December 30, 2019, January 14, 2020, and January 23, 2020, appellant filed first, second, third, and fourth amended motions for extension of time to file an amended brief. On February 7, 2020, this Court granted appellant's fourth amended motion for extension of time and allowed appellant an extension of time to file the amended brief until Friday, February 21, 2020. The Court informed appellant that it

3

"looks with disfavor upon delay and will not grant further extensions, absent exigent circumstances."

Appellant did not file an amended brief. On February 27, 2020, the Clerk of this Court notified appellant that his brief was due on February 21, 2020, but it had not been filed. The Clerk again notified appellant that the appeal would be dismissed for want of prosecution unless appellant reasonably explained the failure and the appellee was not significantly injured by the appellant's failure to timely file a brief.

On March 5, 2020, appellant filed a second motion for extension of time to file an amended brief. The Clerk notified appellant that his second motion for extension of time failed to comply with Texas Rule of Appellate Procedure 10.1(a)(5) and 10.5(b)(1)(A)(B)(D) and requested appellant to file an amended motion by March 10, 2020.

On March 13, 2020, Lone Star filed a motion to dismiss this appeal. Lone Star alleged that the appeal should be dismissed based on appellant's failure to prosecute his appeal and his failure to comply with the appellate rules.

On April 1, 2020, the Clerk again notified appellant that his second motion for extension of time failed to comply with Texas Rule of Appellate Procedure 10, that an amended motion should have been filed by March 10, 2020, and that the amended motion had not been filed. The Clerk directed appellant to correct the defect within ten days and advised him that the appeal would be dismissed if the defect was not rectified.

As of this date, appellant has not filed an amended brief or any amended motion for extension of time to file an amended brief.

4

## II. APPLICABLE LAW

We are to construe the Texas Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effectuate the purpose of a rule. *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004); *Verburgt v. Dorner*, 959 S.W.2d 615, 616–617 (Tex. 1997); *Jardon v. Pfister*, 593 S.W.3d 810, 820 (Tex. App.—El Paso 2019, no pet.). Nevertheless, the Court has the authority to dismiss an appeal for want of prosecution or because the appellant has failed to comply with a requirement of the appellate rules, a court order, or a notice from the clerk requiring a response or other action within a specified time. *See* TEX. R. APP. P. 42.3(b),(c); *Smith v. DC Civil Constr., LLC*, 521 S.W.3d 75, 76 (Tex. App.—San Antonio 2017, no pet.).

The Texas Rules of Appellate Procedure control the required contents and organization for an appellant's brief. *See* TEX. R. APP. P. 38.1. An appellate brief is "meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case . . . ." *Id.* R. 38.9. Therefore, an appellant's brief must contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *Id.* R. 38.1(i). This requirement is not satisfied by merely uttering brief conclusory statements unsupported by legal citations. *Sweed v. City of El Paso*, 195 S.W.3d 784, 786 (Tex. App.—El Paso 2006, no pet.). A brief must explain how the law that is cited is applicable to the facts of the case. *See Hernandez v. Hernandez*, 318 S.W.3d 464, 466 (Tex. App.—El Paso 2010, no pet.); *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex. App.—Amarillo 2003, pet. denied); *Nguyen v.*

*Kosnoski*, 93 S.W.3d 186, 188 (Tex. App.—Houston [14th Dist.] 2002, no pet.). It is the appellant's burden to discuss his assertions of error, and "we have no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error." *Hernandez*, 318 S.W.3d at 466. When an appellant's brief fails to contain a clear and concise argument for the contentions made with appropriate citations to authorities, the appellate court is not responsible for doing the legal research that might support a party's contentions. *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). If we were to do so, we would be abandoning our role as judges and assuming the role of advocate for that party. *Id.*

The rules expressly require us to construe briefing rules liberally. *See* TEX. R. APP. P. 38.9. Accordingly, appellate briefs are to be construed reasonably so as to preserve the right to appellate review. *El Paso Nat. Gas v. Minco Oil & Gas, Inc.*, 8 S.W.3d 309, 316 (Tex. 1999). Nevertheless, litigants are required to substantially comply with the appellate rules. *See* TEX. R. APP. P. 38.9; *Harkins v. Dever Nursing Home*, 999 S.W.2d 571, 573 (Tex. App.—Houston [14th Dist.], 1999, no pet.). In this regard, pro se litigants are held to the same standards as licensed attorneys, and they must similarly comply with all applicable rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Smale v. Williams*, 590 S.W.3d 633, 639 (Tex. App.—Texarkana 2019, no pet.); *Smith*, 521 S.W.3d at 76; *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.).

If the appellate court determines that the briefing rules have been flagrantly violated, it may require a brief to be amended, supplemented, or redrawn. TEX. R. APP. P. 38.9(a); *see id*. R. 44.3 ("A court of appeals must not affirm or reverse a judgment or

dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities."). An appellant is provided with a reasonable time when allowed an opportunity to amend his or her brief. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994). If the appellant files another brief that does not comply with the rules of appellate procedure, the appellate court may strike the brief, prohibit the party from filing another, and proceed as if the party had failed to file a brief. TEX. R. APP. P. 38.9(a). Pursuant to Texas Rule of Appellate Procedure 38.8(a), where an appellant has failed to file a brief, the appellate court may dismiss the appeal for want of prosecution. *Id.* R. 38.8(a); *see Attaway v. Clark*, 391 S.W.3d 647 (Tex. App.—Dallas 2013, no pet.).

## III. ANALYSIS

In the instant case, appellant filed a brief that did not meet the requirements of the appellate rules because it, inter alia, failed to contain any citations to applicable authority or the appellate record. *See generally* TEX. R. APP. P. 9.4, 38.1. Appellant has been provided with the opportunity to correct these defects but has failed to do so, and more than a reasonable time has passed. *See id.* R. 42.3(b), 44.3; *Fredonia State Bank*, 881 S.W.2d at 284. The brief was originally due on October 28, 2019, and appellant's defective brief was filed on December 2, 2019. The appellant has failed to comply with the appellate rules or respond to the directives of the Clerk regarding filing an amended brief or correcting his defective motion. *See* TEX. R. APP. P. 42.3(c).

## IV. CONCLUSION

Based on the foregoing, we strike appellant's non-conforming brief, prohibit appellant from filing another, and proceed as if appellant had failed to file a brief. *See id.*

7

38.9(a). We strike appellant's defective second motion for extension of time to file an amended brief. We grant Lone Star's motion to dismiss. We dismiss this appeal for want of prosecution and because the appellant failed to comply with the requirements of the appellate rules and directives from the Clerk. *See id.* R. 38.8(a), 38.9(a), 42.3(b),(c); *Johnson v. Dallas Hous. Auth*., 179 S.W.3d 770, 770 (Tex. App.—Dallas 2005, no pet.).

DORI CONTRERAS
Chief Justice

Delivered and filed the
29th day of October, 2020.