

# NUMBER 13-20-00128-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ROBERT LAYTON D/B/A
LAYTON WELDING,                                                    Appellant,

v.

LAVACA COUNTY AND
HALLETTSVILLE INDEPENDENT
SCHOOL DISTRICT,                                                   Appellees.

On appeal from the 25th District Court
of Lavaca County, Texas.

# MEMORANDUM OPINION

Before Justices Benavides, Longoria, and Tijerina
Memorandum Opinion by Justice Tijerina

Appellant Robert Layton, doing business as Layton Welding, filed a pro se notice

of appeal regarding a final judgment rendered against him and in favor of appellees

Lavaca County and Hallettsville Independent School District in a suit regarding the recovery of delinquent ad valorem taxes. *See* TEX. TAX CODE ANN. § 33.41 (providing that a taxing unit may file suit in a court of competent jurisdiction to foreclose the lien securing payment or to enforce personal liability "at any time after its tax on property becomes delinquent"). We dismiss the appeal for want of prosecution.

## I. BACKGROUND

On February 5, 2020, the trial court signed the final judgment awarding appellees delinquent taxes of $6,072.27, accrued penalties, interest, attorney's fees, and costs. On March 31, 2020, the clerk's record was filed. On April 6, 2020, the reporter's record was filed.

On May 11, 2020, appellant provided the Court with an untimely brief which failed to comply with the appellate rules because it failed to contain a certificate of compliance and the appendix was filed as a separate document. *See*, *e.g.*, TEX. R. APP. P. 9.4(i)(3); *id.* R. 38.1(k). By letter issued on July 7, 2020, the Clerk of the Court informed appellant of these deficiencies and requested that he file a motion for leave to file the brief and an amended brief within five days. On May 24, 2020, appellees filed a brief asserting, inter alia, that appellant's brief was fatally flawed and presented nothing for review.

On September 14, 2020, appellant provided the Court with a defective first amended brief and a defective motion for leave to file the brief. Appellant did not include an appendix with his brief. On September 15, 2020, the Clerk informed appellant that his first amended brief had been marked received, pending a ruling on his motion for leave, and because the amended brief failed to comply with Texas Rules of Appellate Procedure 9.1(b)(c), 9.4(d), 9.4(h), 9.4(i)(3), 9.5, and 38.1(b),(g),(i),(k). The Clerk requested

2

appellant to file a second amended brief within ten days. The Clerk also informed appellant that his motion for leave was defective because it failed to comply with Rules 9.1(b),(c) and 9.5(e), and requested appellant to submit an amended motion within two days. Appellant did not respond to either of the Clerk's directives.

On October 27, 2020, the Clerk again advised appellant that his first amended brief failed to comply with Rules 9.1(b),(c), 9.4(d), 9.4(h), 9.4 (i)(3), 9.5, and 38.1(b),(g),(i),(k), and directed him to file a second amended brief that complied with these rules within ten days. The Clerk informed appellant that if he filed another non-compliant brief, the Court might strike the brief, prohibit appellant from filing another, and proceed as if appellant had failed to file a brief, under which circumstances the Court might affirm the judgment or dismiss the appeal. *See id.* R. 38.9(a), 42.3(b),(c). Appellant failed to file a second amended brief, a motion for leave, a motion for extension of time, or otherwise respond to the Court's directive.

On January 8, 2020, the appellees filed a motion to dismiss this appeal for want of prosecution. They assert that appellant has neither filed a brief that complies with the appellate rules nor complied with directives from this Court.

## II. APPLICABLE LAW

We are to construe the Texas Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effectuate the purpose of a rule. *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004); *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997); *Jardon v. Pfister*, 593 S.W.3d 810, 820 (Tex. App.—El Paso 2019, no pet.). Nevertheless, the Court has the authority to dismiss an appeal for want of prosecution or

because the appellant has failed to comply with a requirement of the appellate rules, a court order, or a notice from the clerk requiring a response or other action within a specified time. *See* TEX. R. APP. P. 42.3(b),(c); *Smith v. DC Civil Constr., LLC*, 521 S.W.3d 75, 76 (Tex. App.—San Antonio 2017, no pet.).

The Texas Rules of Appellate Procedure control the required contents and organization for an appellant's brief. *See* TEX. R. APP. P. 38.1. An appellate brief is "meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case . . . ." *Id.* R. 38.9. Therefore, an appellant's brief must contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *Id.* R. 38.1(i). This requirement is not satisfied by merely uttering brief conclusory statements unsupported by legal citations. *Sweed v. City of El Paso*, 195 S.W.3d 784, 786 (Tex. App.—El Paso 2006, no pet.). A brief must explain how the law that is cited is applicable to the facts of the case. *See Hernandez v. Hernandez*, 318 S.W.3d 464, 466 (Tex. App.—El Paso 2010, no pet.); *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex. App.—Amarillo 2003, pet. denied); *Nguyen v. Kosnoski*, 93 S.W.3d 186, 188 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

It is the appellant's burden to discuss his assertions of error, and "we have no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error." *Hernandez*, 318 S.W.3d at 466. When an appellant's brief fails to contain a clear and concise argument for the contentions made with appropriate citations to authorities, the appellate court is not responsible for doing the legal research that might support a party's contentions. *Bolling v. Farmers Branch*

4

*Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). If we were to do so, we would be abandoning our role as judges and assuming the role of advocate for that party. *Id.*

The rules expressly require us to construe briefing rules liberally. *See* TEX. R. APP. P. 38.9. Accordingly, appellate briefs are to be construed reasonably so as to preserve the right to appellate review. *El Paso Nat. Gas v. Minco Oil & Gas, Inc.*, 8 S.W.3d 309, 316 (Tex. 1999). Nevertheless, litigants are required to substantially comply with the appellate rules. *See* TEX. R. APP. P. 38.9; *Harkins v. Dever Nursing Home*, 999 S.W.2d 571, 573 (Tex. App.—Houston [14th Dist.], 1999, no pet.). In this regard, pro se litigants are held to the same standards as licensed attorneys, and they must similarly comply with all applicable rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Smale v. Williams*, 590 S.W.3d 633, 639 (Tex. App.—Texarkana 2019, no pet.); *Smith*, 521 S.W.3d at 76; *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.).

If an appellate court determines that the briefing rules have been flagrantly violated, it may require a brief to be amended, supplemented, or redrawn. TEX. R. APP. P. 38.9(a); *see id*. R. 44.3 ("A court of appeals must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities."). An appellant is provided with a reasonable time to amend his or her brief under these circumstances. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994). If the appellant files another brief that does not comply with the rules of appellate procedure, the appellate court may strike the brief, prohibit the party from filing

another, and proceed as if the party had failed to file a brief. *See* TEX. R. APP. P. 38.9(a). Pursuant to Texas Rule of Appellate Procedure 38.8(a), where an appellant has failed to file a brief, the appellate court may dismiss the appeal for want of prosecution. *See id.* R. 38.8(a); *Attaway v. Clark*, 391 S.W.3d 647 (Tex. App.—Dallas 2013, no pet.).

### III. ANALYSIS

In the instant case, appellant filed a brief and a first amended brief that did not meet the requirements of the appellate rules. *See generally* TEX. R. APP. P. 9.4, 38.1. Appellant's table of contents fails to indicate the subject matter of each issue or point, or group of issues or points; his statement of facts includes argument and does not include record references; his brief fails to contain a clear and concise argument for the contentions made, with appropriate citations to authorities and the record; and his brief fails to include an appropriate appendix. *See id.* R. 38.1(b),(g),(i),(k). In fact, appellant's brief fails to contain any citations to the appellate record. *See id.* R. 38.1(d),(g),(i). Appellees assert that appellant's brief does not present any issue for review and that appellant has waived his appellate complaints.

Appellant has been provided with the opportunity to correct these defects but has failed to do so, and more than a reasonable time has passed. *See id.* R. 42.3(b); *id.* R. 44.3; *Fredonia State Bank*, 881 S.W.2d at 284. In short, appellant has failed to comply with the appellate rules or respond to the directives of the Clerk regarding filing a second amended brief or correcting his defective motion. *See* TEX. R. APP. P. 42.3(c).

### IV. CONCLUSION

Based on the foregoing, we deny appellant's motion for leave, strike appellant's non-conforming brief, prohibit appellant from filing another, and proceed as if appellant

6

had failed to file a brief. *See id.* R. 38.9(a). We grant the appellees' motion to dismiss the appeal. We dismiss this appeal for want of prosecution and because the appellant failed to comply with the requirements of the appellate rules and directives from the Clerk. *See id.* R. 38.8(a); *id.* R. 38.9(a); *id.* R. 42.3(b),(c); *Johnson v. Dallas Hous. Auth.*, 179 S.W.3d 770, 770 (Tex. App.—Dallas 2005, no pet.).

JAIME TIJERNA
Justice

Delivered and filed on the
21st day of January, 2021.