**Javan P. SMITH, Appellant**

v.

**DC CIVIL CONSTRUCTION, LLC, Appellee**

**No. 04–15–00362–CV**

Court of Appeals of Texas, San Antonio.

Delivered and Filed: March 22, 2017

Robert Ray, San Antonio, TX, for DC Civil Construction, LLC.

Javan P. Smith, pro se.

Sitting: Sandee Bryan Marion, Chief Justice Karen Angelini, Justice Marialyn Barnard, Justice

**MEMORANDUM OPINION**

PER CURIAM

Appellant, who is *pro se* in this appeal, filed his appellant's brief on January 30, 2017. The brief did not comply with the Texas Rules of Appellate Procedure because, among other things, it did not (1) contain a proper index of authorities, (2) provide appropriate citations to the clerk's record or the reporter's record, and (3) "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *See* Tex. R. App. P. 38.1. Accordingly, on February 6, 2017, we ordered appellant to file an amended brief that fully complied with Rule 38.1. Our order cautioned appellant that if he did not file a brief that complied with Rule 38.1, we would dismiss

his appeal for want of prosecution. TEX. R. APP. P. 38.8(a)(1).

 On March 10, 2017, appellant filed an amended brief that did not contain a single citation to the record or "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." A side-by-side comparison of the two briefs reveals they are identical except the amended brief includes an index of authorities, which lacks any citation to pages within the brief, and a "fifth issue," which contains no factual allegations or legal argument. The amended brief also omits an "Index of Related Cases," and "Index of Judges and Magistrates Acting in This Case," which were included in the original brief.

Substantial compliance with Rule 38 is sufficient. TEX. R. APP. P. 38.9. However, if Rule 38 has been flagrantly violated, this court may require a brief to be amended, supplemented, or redrawn. TEX. R. APP. P. 38.9(a). If appellant files another noncomplying brief, the court may strike the brief, prohibit the party from filing another, and proceed as if the party had failed to file a brief. *Id.* If an appellant fails to timely file a brief, the appellate court may dismiss the appeal for want of prosecution. TEX. R. APP. P. 38.8(a)(1).

While it is true we liberally construe *pro se* pleadings and briefs, a *pro se* litigant is still required to comply with applicable laws and rules of procedure. *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 52–53 (Tex. App.–San Antonio 1999, pet. denied). Here, appellant's amended brief flagrantly violates the Texas Rules of Appellate Procedure and fails to comply with our February 6, 2017 order. *See* TEX. R. APP. P. 42.3(c). As we warned appellant we would *do* if his amended brief did not comply with the Rules and our February 6, 2017 order, we strike appellant's amended brief, prohibit him from filing another

brief in this appeal, and dismiss this appeal for want of prosecution. *See* TEX. R. APP. P. 38.8(a)(1), 38.9(a), 42.3(b–c). Appellee's February 1, 2017 motion to dismiss is moot.