

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00409-CV

Frederick O. **SILVER**,
Appellant

v.

**TOYOTA MOTOR MANUFACTURING TEXAS, INC.** and Wells Fargo Bank, N.A.,
Appellees

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2019-CI-05365
Honorable Rosie Alvarado, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
              Beth Watkins, Justice
              Liza A. Rodriguez, Justice

Delivered and Filed: October 16, 2019

AFFIRMED AS TO JUNE 5, 2019 ORDER ON ABILITY TO PAY COSTS

Appellant Frederick O. Silver appeals the trial court's June 5, 2019 Order on Ability to Pay

Costs. After considering the parties' briefs, the appellate record, and Silver's October 8, 2019

"Motion in Support of Reply Brief of Appellant Frederick O. Silver," we affirm the trial court's

order.[1]

---

[1] Silver has also appealed the trial court's order denying his motion to reinstate his lawsuit on the trial court's docket, and that appeal remains pending in this cause number.

**BACKGROUND**

On March 15, 2019, Silver filed an affidavit of inability to pay costs in the trial court. In his affidavit, he declared that he did not receive any public benefits and did not have any dependents. He also stated that he had no monthly income and had $1,780 in monthly expenses. On April 5, 2019, the trial court ordered Silver to correct or clarify his affidavit because it "did not contain proof of [Silver's] income or how the household is financially supported." The court ordered Silver to provide specific financial documentation, including two recent paystubs, W-2s, or 1099s, and give a reasonable explanation of how he and his household "live and are supported." The court warned Silver that if he did not comply with the order, it would hold an evidentiary hearing on the matter.

On April 11, 2019, Silver filed a second affidavit of inability to pay costs. That second affidavit declared that Silver had one dependent, received food stamp benefits, and had "applied for power bill assistance and rent assistance." It also stated that Silver "do[es] not have a job" and had no monthly income but had $2,035 in monthly expenses. The only documentation attached to Silver's second affidavit was a single paystub dated March 8, 2019, which shows that when that paystub was issued, Silver's net pay every two weeks was $1,442.78.

On June 5, 2019, the trial court held an evidentiary hearing "for the purposes of determining if [Silver] is unable to afford costs pursuant to Texas Rule of Civil Procedure, Rule 145." When Silver testified during that hearing, he insisted that he was entitled to be shown "a sworn testament that [his] evidence that's on [his] claim is false" before he could be required to present evidence. He then testified that he receives no income or public assistance other than $190 a month in food stamp benefits; that he is unemployed; that no one who contributes to paying his monthly expenses lives with him; and that he does not have any other jobs or sources of income. He also testified, however, that "[his] bills are being met," but he refused to give the trial court any further details,

and he refused to answer the trial court's questions about whether he had been terminated or had voluntarily resigned from the job for which he received the March 8, 2019 paystub. When the trial court asked Silver how he was paying the monthly expenses listed in his affidavit, he responded, "[I]t's none of your business, Judge. Because there is no law that requires me to give you that information."

On June 5, 2019, the trial court signed an Order on Ability to Afford Costs. That order noted that the court considered, *inter alia*, "the affidavits on file . . . the evidence presented and the lack of evidence provided, [and] the argument of [Silver]"; found that that Silver "is able to afford the costs of court"; and ordered Silver to pay the costs he had incurred in the underlying lawsuit within 60 days of the order. Silver appealed that order to this court.

After Silver filed his notice of appeal, he filed two additional affidavits of inability to pay costs. However, he has not argued that his circumstances have materially changed since the trial court issued its order. TEX. R. APP. P. 20.1(b)(3). Although appellees Toyota Motor Manufacturing Texas, Inc. and Wells Fargo Bank, N.A. did not contest Silver's affidavits in the trial court, they have filed a brief arguing that Silver did not meet his burden to show that he could not afford to pay costs.

**ANALYSIS**

***Standard of Review***

We review a trial court's ruling on a claim of inability to pay costs for abuse of discretion. *See In re J.P.N.*, No. 04-17-00633-CV, 2018 WL 626526, at *1 (Tex. App.—San Antonio Jan. 31, 2018, no pet.) (mem. op.).

***Applicable Law***

Texas Rule of Civil Procedure 145 provides that "[a] party who files a Statement of Inability to Afford Payment of Court Costs cannot be required to pay costs except by order of the

court as provided by this rule." TEX. R. CIV. P. 145(a). "The declarant must provide in the Statement, and, if available, in attachments to the Statement, evidence of the declarant's inability to afford costs." TEX. R. CIV. P. 145(e). A trial court may, on its own motion, require a declarant to prove his inability to pay costs "[w]henever evidence comes before the court that the declarant may be able to afford costs." TEX. R. CIV. P. 145(f)(4). "In the trial court, the test for determining indigence is whether the record as a whole shows by a preponderance of the evidence that the applicant would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to and made a good-faith effort to do so." *Basaldua v. Hadden*, 298 S.W.3d 238, 241 (Tex. App.—San Antonio 2009, no pet.).

### *Application*

The crux of both Silver's refusal to provide evidence during the June 5 hearing and his complaint in this court appears to be that neither the clerk of the trial court nor his opposing parties submitted sworn evidence challenging his affidavit of indigency. According to Silver, this renders both the trial court's decision to hold an evidentiary hearing and its June 5, 2019 Order on Ability to Afford Costs defective under Texas Rule of Civil Procedure 145. *See* TEX. R. CIV. P. 145(f)(1). Silver ignores, however, that Rule 145 specifically provides that "[w]henever evidence comes before the court that the declarant may be able to afford costs . . . the court may require the declarant to prove the inability to afford costs" on the court's own motion. TEX. R. CIV. P. 145(f)(4). That is precisely what happened here. The paystub attached to Silver's second affidavit of indigency showed that as recently as March 8, 2019—one week before Silver first claimed he was unable to pay costs—Silver was earning approximately $850 more per month than his claimed monthly expenses. After seeing that evidence, the trial court set an evidentiary hearing to require Silver to provide proof of his claimed inability to pay costs. This hearing was permitted under the plain language of Rule 145. TEX. R. CIV. P. 145(f)(4); *see Trevino v. Energy Land Tex., LP*, Nos.

04-18-00863-CV, 04-18-00864-CV, 2019 WL 1139579, at *1 (Tex. App.—San Antonio Mar. 13, 2019, no pet.) (mem. op.).

The comments to the 2016 changes to Rule 145—which Silver himself quotes in his October 8, 2019 "Motion in Support of Reply Brief of Appellant Frederick O. Silver"—recognize that "[t]he trial court always retains discretion to require evidence of an inability to afford costs." TEX. R. CIV. P. 145, cmt. to 2016 change. Additionally, Rule 145(f)(5) specifically provides that during a hearing like the one that took place here, "the burden is on the declarant to prove the inability to afford costs." TEX. R. CIV. P. 145(f)(5). The trial court gave Silver an opportunity to present testimony to support his claim of inability to pay costs, but he refused to do so. As a result, the evidence does not show that he "would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to and made a good-faith effort to do so." *Basaldua*, 298 S.W.3d at 241. Because Silver did not carry his burden under Rule 145, the trial court did not abuse its discretion by finding that he is able to afford the costs of court. TEX. R. CIV. P. 145(f)(5); *Basaldua*, 298 S.W.3d at 241.

In his briefing in this court, Silver also complains that the judge who signed the June 5, 2019 Order on Ability to Afford Costs has a "financial interest in the Case as she works for defendants' [*sic*] Wells Fargo bank [*sic*]." We construe this as an argument that the trial court judge should have recused herself. *See Smith v. DC Civil Constr., LLC*, 521 S.W.3d 75, 76 (Tex. App.—San Antonio 2017, no pet.) (noting that "we liberally construe *pro se* pleadings and briefs"). However, because Silver has not cited any portion of the record to support this allegation, it is inadequately briefed and we do not consider it.[2] TEX. R. APP. P. 38.1; *Smith*, 521 S.W.3d at 76.

---

[2] We note, however, that we have reviewed the entire appellate record and have found no evidence to support this allegation.

**CONCLUSION**

We affirm the trial court's June 5, 2019 Order on Ability to Afford Costs. We therefore order Silver to pay the $205 filing fee for this appeal within 15 days of the date of this opinion. We caution Silver that the failure to pay the filing fee will result in the dismissal of his appeal. TEX. R. APP. P. 5, 42.3.

PER CURIAM