

# NUMBER 13-20-00121-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**SHERRY LUCIO,** **Appellant,**

**v.**

**GUADALUPE LUCIO JR.,** **Appellee.**

---

### On appeal from the 343rd District Court
### of Bee County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes
Memorandum Opinion by Justice Longoria**

On February 27, 2020, appellant Sherry Lucio appealed an enforcement judgment rendered against her in trial court cause number B-051232-CV in the 343rd District Court of Bee County, Texas. We dismiss the appeal.

## I. BACKGROUND

On February 28, 2020, the Clerk of the Court notified appellant that the notice of appeal failed to comply with Texas Rule of Appellate Procedure 9.5(e), requested correction of the defect, and advised her that the matter would be referred to the Court for further action if the defect was not corrected in thirty days. *See* TEX. R. APP. P. 9.5(e).

On March 30, 2020, the Clerk notified appellant that she was delinquent in remitting the filing fee for the notice of appeal and advised her that the appeal would be dismissed if the filing fee was not paid within ten days. *See id.* R. 42.3(b),(c).

On April 3, 2020, the Clerk again advised appellant that the defect in the notice of appeal had not been corrected and advised her that the appeal would be dismissed if the defect was not cured within ten days. *See id.* R. 42.3(b),(c). That same day, the district clerk advised the Court that the appellant had not made arrangements to secure the filing of the clerk's record. *See id.* R. 37.3(a)(1).

On November 3, 2020, appellee Guadalupe Lucio Jr. filed a motion to dismiss the appeal for want of prosecution. Appellee asserts that the appellant has had an adequate opportunity to prosecute her appeal but has failed to do so. Appellant has not filed a response to the motion to dismiss.

## II. APPLICABLE LAW

We are to construe the Texas Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effectuate the purpose of a rule. *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004); *Verburgt v. Dorner*, 959 S.W.2d 615, 616–617 (Tex. 1997); *Jardon v. Pfister*, 593 S.W.3d 810, 820 (Tex. App.—El Paso 2019, no pet.).

Nevertheless, the Court has the authority to dismiss an appeal for want of prosecution or because the appellant has failed to comply with a requirement of the appellate rules, a court order, or a notice from the clerk requiring a response or other action within a specified time. *See* TEX. R. APP. P. 42.3(b),(c); *Smith v. DC Civil Constr., LLC*, 521 S.W.3d 75, 76 (Tex. App.—San Antonio 2017, no pet.).

### III. CONCLUSION

The Court, having considered the documents on file and appellee's motion to dismiss, is of the opinion that the motion should be granted. *See id.* R. 37.3, 42.3(b),(c). Appellant has not corrected the defect in her notice of appeal, paid her filing fee, arranged for payment for the clerk's record, or otherwise responded to the Clerk's directives. Accordingly, the motion to dismiss is GRANTED and the appeal is DISMISSED for want of prosecution. *See* TEX. R. APP. P. 37.3, 42.3(b),(c).

NORA L. LONGORIA
Justice

Delivered and filed the
19th day of November, 2020.