

# NUMBER 13-19-00140-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

RODOLFO A. ESCAMILLA, Appellant,

v.

SHELLY HOGAN ESCAMILLA, Appellee.

## On appeal from the County Court at Law of Live Oak County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes
Memorandum Opinion by Justice Longoria**

Appellant Rodolfo A. Escamilla appeals a protective order rendered against him in favor of appellee Shelly Hogan Escamilla in trial court cause number CV01766 in the County Court at Law of Live Oak County, Texas. We dismiss the appeal.

## I. BACKGROUND

On February 28, 2019, the trial court signed the protective order that is at issue in this case. Appellant thereafter filed a notice of appeal. On June 19, 2019, the clerk's record was filed, and on July 15, 2019, the reporter's record was filed. Appellant subsequently filed an unopposed joint motion to abate the appeal and remand it to the trial court for further consideration. According to appellant's unopposed joint motion, the parties to the appeal were engaged in settlement negotiations regarding a proposed dissolution of the protective order. Appellant asserted that he planned to file a motion to dismiss the appeal upon resolution of the dispute. On December 12, 2019, this Court granted appellant's motion and abated and remanded the appeal.

On April 6, 2020, the Court ordered appellant to file a status report regarding the events on remand and advised him that the failure to respond might result in the dismissal of the appeal for want of prosecution. In response, appellant filed a motion for extension of time to effectuate the proposed settlement. We granted appellant's motion for extension of time.

On May 21, 2020, appellant filed a motion to reinstate the case on the docket and begin the briefing schedule. On May 28, 2020, appellant informed the Court that the parties had "substantially" agreed to the necessary terms for settlement of the underlying divorce, including an agreement regarding the protective order at issue here. Appellant again advised the Court that he would voluntarily dismiss the appeal when the trial court vacated the protective order. However, appellant again reiterated his request for a "briefing schedule." On July 24, 2020, we granted appellant's motion, reinstated the appeal, and advised appellant that the "briefing time has commenced."

2

On September 8, 2020, the Clerk of the Court notified appellant that his brief was due on August 24, 2020 but had not been filed. The Clerk advised appellant that the appeal would be dismissed unless appellant reasonably explained the failure and the appellee was not significantly injured by the appellant's failure to timely file a brief. Appellant did not respond to the Clerk's directive.

## II. ANALYSIS

This Court has the authority to dismiss an appeal for want of prosecution or because the appellant has failed to comply with a requirement of the appellate rules, a court order, or a notice from the clerk requiring a response or other action within a specified time. *See* TEX. R. APP. P. 42.3(b),(c); *Smith v. DC Civil Constr., LLC*, 521 S.W.3d 75, 76 (Tex. App.—San Antonio 2017, no pet.). Here, the appellant has failed to comply with the appellate rules or respond to the directives of the Clerk. Appellant has not filed his brief, filed a motion for extension of time, or otherwise responded to the Court regarding his failure to file a brief. Appellant has failed to timely and diligently prosecute his appeal. *See* TEX. R. APP. P. 42.3(b),(c).

## III. CONCLUSION

The Court, having examined and fully considered the record before the Court, is of the opinion that the appeal should be dismissed. Accordingly, we dismiss this appeal for want of prosecution and because the appellant failed to comply with the requirements of the appellate rules and directives from the Clerk. *See id.*

NORA L. LONGORIA
Justice

Delivered and filed the
10th day of December, 2020.

3