

# NUMBER 13-20-00312-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

TREY W. FRICKS,                                   Appellant,

v.

ROBERT SHAW AND RICHARD SHAW,              Appellees.

### On appeal from the 135th District Court of Refugio County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Tijerina**
**Memorandum Opinion by Justice Longoria**

Appellant Trey W. Fricks filed a pro se notice of appeal regarding a final summary judgment rendered against him and in favor of appellees Robert Shaw and Richard Shaw. In the underlying trial court proceedings, appellees had filed suit against Fricks for trespass to try title, declaratory relief, and temporary and permanent injunctive relief

regarding the ownership of a tract of land in Bayside, Texas. The trial court granted final summary judgment awarding title of the land to appellees, and this appeal ensued. We dismiss the appeal.

On July 30, 2020, this Court advised appellant that his notice of appeal did not comply with the appellate rules. *See* TEX. R. APP. P. 37.1 (requiring the appellate court clerk to notify the party of defects in a notice of appeal); *id.* R. 9.5(e) (delineating the requirements for a certificate of service on appellate filings). The Court directed appellant to file an amended notice of appeal within thirty days. Appellant did not comply. On September 2, 2020, the Court notified appellant that he had not complied with the Court's directive and instructed him to correct the defective notice of appeal within ten days. *See id.* R. 42.3 (b),(c). The Court advised appellant that the appeal would be dismissed if the defect was not cured within ten days. Appellant did not correct the defective notice of appeal or otherwise respond to the Court's directive.

We are to construe the Texas Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effectuate the purpose of a rule. *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004); *Verburgt v. Dorner*, 959 S.W.2d 615, 616–617 (Tex. 1997); *Jardon v. Pfister*, 593 S.W.3d 810, 820 (Tex. App.—El Paso 2019, no pet.). Nevertheless, the Court has the authority to dismiss an appeal for want of prosecution or because the appellant has failed to comply with a requirement of the appellate rules, a court order, or a notice from the clerk requiring a response or other action within a specified time. *See* TEX. R. APP. P. 42.3(b),(c); *Smith v. DC Civil Constr., LLC*, 521 S.W.3d 75, 76 (Tex. App.—San Antonio 2017, no pet.).

The Court, having examined and fully considered the documents on file and the applicable law, is of the opinion that this appeal should be dismissed. Accordingly, we dismiss this appeal for want of prosecution and because the appellant failed to comply with the requirements of the appellate rules and directives from the Clerk. *See* TEX. R. APP. P. 42.3(b),(c).

NORA L. LONGORIA
Justice

Delivered and filed the
30th day of December, 2020.