

# NUMBER 13-18-00346-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ROBERTO ALEMAN,                                                    Appellant,

v.

GYRO PLUS LLC AND MOHAMMAD ARAMI,                          Appellees.

On appeal from the 98th District Court
of Travis County, Texas.

# MEMORANDUM OPINION

Before Justices Benavides, Longoria, and Tijerina
Memorandum Opinion by Justice Tijerina

Appellant Roberto Aleman filed a notice of appeal from a May 3, 2018 final

judgment awarding $482,000 to appellees Gyro Plus, LLC and Mohammad Arami for

Aleman's breach of a commercial lease.[1] On February 8, 2019, Aleman filed a notice of bankruptcy.

Accordingly, on February 13, 2019, this Court issued an order abating this appeal. *See* TEX. R. APP. P. 8.2. We informed the parties that any documents filed subsequent to the bankruptcy petition would remain pending until the appeal was reinstated. We directed the parties to take any appropriate action necessary to advise the Court of any change in the status of the bankruptcy proceeding which would affect the status of this appeal, including but not limited to, the filing of a motion to reinstate pursuant to Texas Rule of Appellate Procedure 8.3. *See id*. R. 8.3.

On September 1, 2020, the Court requested the parties to file, within ten days, an advisory regarding the status of the appeal, and if applicable, a motion to reinstate the appeal or a motion to dismiss the appeal. We informed the parties that the failure to respond to this directive "will result in reinstatement and dismissal of the appeal for want of prosecution." *See* TEX. R. APP. P. 42.3(b),(c). Aleman did not respond to the Court's directive.

On September 22, 2020, appellees filed a motion to dismiss this appeal for want of prosecution. They asserted that Aleman's bankruptcy case remains pending and "[i]f [Aleman] had any intention of pursuing his appeal and counterclaim he could have and would have requested . . . relief" from the bankruptcy stay. They asserted that Aleman has abandoned the prosecution of his appeal and they point out that he failed to respond to this Court's September 1, 2020 instructions. Aleman did not file a response to the

---

[1] This case is before the Court on transfer from the Third Court of Appeals in Austin pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001. We note that Azita Monajjemi was an appellee in the underlying trial court proceedings but was nonsuited and she is not a party to this appeal.

2

appellees' motion to dismiss his appeal. *See id*. R. 10.1(b) (allowing a party to "file a response to a motion at any time before the court rules on the motion or by any deadline set by the court"); *id.* R. 10.3(a) (stating that generally, a court should not hear or determine a motion until 10 days after the motion was filed).

We are to construe the Texas Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effectuate the purpose of a rule. *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004); *Verburgt v. Dorner*, 959 S.W.2d 615, 616–617 (Tex. 1997); *Jardon v. Pfister*, 593 S.W.3d 810, 820 (Tex. App.—El Paso 2019, no pet.). Nevertheless, the Court has the authority to dismiss an appeal for want of prosecution or because the appellant has failed to comply with a requirement of the appellate rules, a court order, or a notice from the clerk requiring a response or other action within a specified time. *See* TEX. R. APP. P. 42.3(b),(c); *Smith v. DC Civil Constr., LLC*, 521 S.W.3d 75, 76 (Tex. App.—San Antonio 2017, no pet.).

The Court, having examined and fully considered the documents on file and the applicable law, is of the opinion that this appeal should be dismissed. Accordingly, we reinstate the appeal. We grant appellees' motion to dismiss the appeal and we dismiss this appeal for want of prosecution and because the appellant failed to comply with the requirements of the appellate rules and directives from the Clerk. *See* TEX. R. APP. P. 42.3(b),(c).

JAIME TIJERINA
Justice

Delivered and filed on the
14th day of January, 2021.