

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00127-CV

_____

CAROLYN WILLIAMS, Appellant

V.

LADERA, Appellee

On Appeal from County Court at Law No. 2
Denton County, Texas
Trial Court No. CV-2020-00600-JP

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Appellant Carolyn Williams appeals from the trial court's judgment finding her guilty of forcible detainer and from the resulting writ of possession. Because Williams has failed to file a substantially compliant brief, to correct the brief even though given the opportunity to do so, and to reasonably explain the failure, we dismiss her appeal for want of prosecution.

After Williams failed to appear for her requested jury trial on appellee Ladera's eviction petition, the justice court granted Ladera a judgment for eviction and ordered Williams to surrender possession of the premises. *See* Tex. R. Civ. P. 510.8(a). Williams appealed the justice court's judgment to a county court in a trial de novo. *See* Tex. R. Civ. P. 510.10. In the county court, Williams again did not appear for trial, and that court found Williams guilty of forcible detainer and issued a writ of possession in favor of Ladera. *See* Tex. Prop. Code Ann. §§ 24.002, 24.0061(a); Tex. R. Civ. P. 510.13. Williams filed a motion to reconsider, but the trial court denied the motion after she failed to appear at the telephonic hearing.

In her appeal to this court, Williams did not request the court reporter to prepare the reporter's record nor did she designate the exhibits or portions to be included. *See* Tex. R. App. P. 34.6(b), 35.3(b)(2). We notified Williams of the failure and gave her ten days to correct the deficiency. *See* Tex. R. App. P. 35.3(c), 37.3(c)(1). Williams did nothing; therefore, we notified her that we would consider and decide those issues not requiring a reporter's record. *See* Tex. R. App. P. 37.3(c). We

2

additionally informed Williams that her appellant's brief was due no later than September 23, 2020. Williams did not file a brief, and we notified her that we could dismiss her appeal unless she filed a brief and reasonably explained its untimeliness. *See* Tex. R. App. P. 38.8(a)(1). In response, Williams filed two extension motions, which were granted, resulting in a due date of December 14.

On December 14, Williams filed a motion to supplement the record with the parties' factual stipulations.[1] That same day, Williams also filed her brief. Based on several violations of the briefing rules, we requested an amended brief no later than December 28 and warned that her failure to do so could result in striking the brief and dismissing her appeal. *See* Tex. R. App. P. 38.1, 38.8(a), 38.9(a). Williams has not responded to our request for an amended brief.

Williams's tendered brief is in flagrant violation of the briefing rules. *See* Tex. R. App. P. 38.9(a). Although we warned her that we could strike her brief and dismiss her appeal if she failed to comply, Williams has not attempted to do so or to reasonably explain her failure. Accordingly, we strike Williams's brief and dismiss the appeal for want of prosecution. *See* Tex. R. App. P. 38.8(a)(1), 38.9(a), 42.3(b), 43.2(f), 44.3; *Smith v. DC Civil Constr., LLC*, 521 S.W.3d 75, 76 (Tex. App.—San Antonio

---

[1]Ladera responded to this motion and asserted that it had never agreed to any stipulations and that it was Williams's responsibility to designate the necessary portions of the reporter's record. Williams replied and asserted that the parties' best interest and judicial economy mandate that Ladera "cooperate" in preparing a stipulated record.

2017, no pet.) (per curiam) (mem. op.).  We deny Williams's motion to supplement the record as moot.

/s/ Brian Walker

Brian Walker
Justice

Delivered:  January 21, 2021