

## NUMBER 13-22-00055-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

TAHESHA NOEL KNIGHT,                                                    Appellant,

v.

GLEN WILLOWS,                                                            Appellee.

## On appeal from County Court at Law No. 5
## of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina**
**Memorandum Opinion by Justice Tijerina**

On February 9, 2022, Tahesha Noel Knight, proceeding pro se, filed a pleading

which we construed as a notice of appeal regarding a default judgment in an eviction

case. In this regard, appellant filed a "Motion to Set Aside Default Judgment" and attached

an "Order Granting Plaintiff's Nonsuit Without Prejudice." The attached order, which was

signed by the trial court, granted appellee Glen Willows's notice of nonsuit against

appellant without prejudice.

On February 11, 2022, the Clerk of this Court advised appellant that it appeared she was attempting to appeal a default judgment; however, the documents that appellant filed indicated that the underlying lawsuit had been nonsuited by the trial court, the trial court had not issued a default judgment, and there was no final order subject to appeal. The Clerk directed appellant to correct this defect, if possible, and advised appellant that the appeal would be dismissed if the defect was not cured within ten days. *See* TEX. R. APP. P. 42.3(a). Appellant did not respond to the Clerk's notice or otherwise correct the defect. *See id.* R. 42.3(b), (c).

The Texas Supreme Court has "instructed the courts of appeals to construe the [Texas] Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effectuate the purpose of a rule." *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004) (quoting *Verburgt v. Dorner*, 959 S.W.2d 615, 616–617 (Tex. 1997)); *see Jardon v. Pfister*, 593 S.W.3d 810, 820 (Tex. App.—El Paso 2019, no pet.). Nevertheless, this Court has the authority to dismiss an appeal "for want of jurisdiction," "for want of prosecution," or "because the appellant has failed to comply with a requirement of [the] appellate rules, a court order, or a notice from the clerk requiring a response or other action within a specified time." TEX. R. APP. P. 42.3(a),(b),(c); *see Smith v. DC Civil Constr., LLC*, 521 S.W.3d 75, 76 (Tex. App.—San Antonio 2017, no pet.).

An appellate court has "an obligation to examine [its] jurisdiction any time it is in doubt . . . ." *Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 774 (Tex. 2020). As a general

rule, appeals may be taken only from final judgments. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). "Exceptions to this general rule are provided by statutes that specifically authorize interlocutory appeals of particular orders." *City of Watauga v. Gordon*, 434 S.W.3d 586, 588 (Tex. 2014); *see, e.g.*, TEX. CIV. PRAC. & REM.CODE ANN. § 51.014 (listing several interlocutory orders that may be appealed).

The Court, having examined and fully considered the documents on file and the applicable law, is of the opinion that we lack jurisdiction over this appeal. There is no final judgment and the record fails to indicate that a statute authorizes an interlocutory appeal. *See City of Watauga*, 434 S.W.3d at 588; *Lehmann*, 39 S.W.3d at 195. Accordingly, we dismiss this appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

JAIME TIJERINA
Justice

Delivered and filed on the
24th day of March, 2022.

3