

# NUMBER 13-22-00073-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**JUDITH ANN NEUSE AND ALL**
**OCCUPANTS OF 2115 ICHABOD LANE,**
**EDINBURG, TEXAS 78539,**                 **Appellants,**

**v.**

**NATIONSTAR MORTGAGE LLC**
**D/B/A CHAMPION MORTGAGE COMPANY,**       **Appellee.**

---

### On appeal from County Court at Law No. 9
### of Hidalgo County, Texas.

---

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Tijerina
### Memorandum Opinion by Chief Justice Contreras

On February 22, 2022, appellant Russell Glenn Neuse, proceeding pro se, filed a

notice of appeal regarding a judgment for possession of property and the issuance of a

writ of possession. Appellant provided the court with (1) an order signed on November 5, 2020, allowing appellee Nationstar Mortgage, LLC d/b/a Champion Mortgage Company (Nationstar) to execute on a judgment for possession entered on September 14, 2017, and (2) a writ of possession issued on February 17, 2022. This is the third appeal arising from the underlying case. *See Neuse v. Nationstar Mortgage, LLC*, No. 13-19-00234-CV, 2019 WL 3331643, at *1 (Tex. App.—Corpus Christi–Edinburg July 25, 2019, pet. denied) (mem. op.) ("The final judgment in this matter has already been appealed and the writ of possession is neither a final judgment nor subject to interlocutory appeal."); *Neuse v. Nationstar Mortgage, LLC*, No. 13-17-00508-CV, 2018 WL 5093293, at *1 (Tex. App.— Corpus Christi–Edinburg Oct. 18, 2018, pet. denied) (mem. op.) (dismissing the appeal for want of prosecution).

On February 28, 2022, the Clerk of this Court advised appellant that it appeared that there was not a final, appealable judgment. The Clerk directed appellant to correct this defect, if possible, and advised appellant that the appeal would be dismissed if the defect was not cured within ten days. *See* Tex. R. App. P. 42.3(a). Appellant did not respond to the Clerk's notice or otherwise correct the defect. *See id.* R. 42.3(b), (c). Nationstar has now filed a motion to dismiss this appeal for want of jurisdiction.

The Texas Supreme Court has "instructed the courts of appeals to construe the [Texas] Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effectuate the purpose of a rule." *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004) (quoting *Verburgt v. Dorner*, 959 S.W.2d 615, 616–617 (Tex. 1997)); *see Jardon*

*v. Pfister*, 593 S.W.3d 810, 820 (Tex. App.—El Paso 2019, no pet.). Nevertheless, this Court has the authority to dismiss an appeal "for want of jurisdiction," "for want of prosecution," or "because the appellant has failed to comply with a requirement of [the] appellate rules, a court order, or a notice from the clerk requiring a response or other action within a specified time." TEX. R. APP. P. 42.3(a),(b),(c); *see Smith v. DC Civil Constr., LLC*, 521 S.W.3d 75, 76 (Tex. App.—San Antonio 2017, no pet.). An appellate court has "an obligation to examine [its] jurisdiction any time it is in doubt . . . ." *Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 774 (Tex. 2020).

The Court, having examined and fully considered the documents on file and the applicable law, is of the opinion that we lack jurisdiction over this appeal. To the extent that appellant seeks to appeal the order signed on November 5, 2020, allowing Nationstar to execute, or the judgment of possession entered on September 14, 2017, any such appeal would be untimely. *See* TEX. R. APP. P. 26.1 (governing the deadline to perfect appeal in civil cases). And, to the extent that appellant seeks to appeal the writ of possession issued on February 17, 2022, an order for a writ of possession is neither a final judgment nor an appealable interlocutory order. *See* TEX. R. CIV. P. 510 (addressing eviction cases); *see also Neuse*, 2019 WL 3331643, at *1; *Henderson v. EverBank*, No. 01-17-00061-CV, 2018 WL 708539, at *1 (Tex. App.—Houston [1st Dist.] Feb. 6, 2018, no pet.) (per curiam) (mem. op.) (dismissing an appeal from a post-judgment order regarding a writ of possession); *LaFontaine v. Hendricks Prop. Mgmt.*, No. 04-11-00044-CV, 2011 WL 1158399, at * 1 (Tex. App.—San Antonio Mar. 30, 2011, no pet.) (per curiam) (mem. op.) (holding that a writ of possession is neither a final judgment nor an

appealable interlocutory order). Accordingly, we grant Nationstar's motion to dismiss, and we dismiss the appeal for want of jurisdiction. *See* Tᴇx. R. Aᴘᴘ. P. 42.3(a).

DORI CONTRERAS
Chief Justice

Delivered and filed on the
24th day of March, 2022.

4