

# NUMBER 13-22-00299-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

TANEISHA PAULIONO,                                              Appellant,

v.

RIVERSIDE VILLAGE APARTMENTS,                                   Appellee.

### On appeal from the 107th District Court
### of Cameron County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina
Memorandum Opinion by Justice Tijerina**

This cause is before the Court on its own motion. On February 14, 2022, appellant filed a pro se brief that failed to comply with the Texas Rules of Appellate Procedure. That same day, the Clerk of this Court notified appellant that her brief failed to comply with Texas Rules of Appellate Procedure 9.4(h), 9.4(j)(1), and 38.1(c), (g), and (i). The Clerk directed appellant to submit an amended brief within ten days. On February 22, 2022,

appellant filed an amended pro se brief. On February 23, 2022, the Clerk of the Court notified appellant that the amended brief did not comply with Texas Rule of Appellate Procedure Rules 9.4(h), 9.4(j)(1), 38.1(c), 38.1(g), and 38.1(i). The Clerk directed appellant to file an amended brief in compliance with the Texas Rules of Appellate Procedure within ten days and notified appellant that if the Court received another noncompliant brief, the Court might strike the brief, prohibit appellant from filing another, and proceed as if appellant had failed to file a brief, under which circumstances the Court might dismiss the appeal. See Tex. R. APP. P. 38.9(a), 42.3(b),(c). Appellant did not file an amended brief correcting the defects or otherwise respond to the Clerk's directive.

We are to construe the Texas Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effectuate the purpose of a rule. *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004); *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997); *Jardon v. Pfister*, 593 S.W.3d 810, 820 (Tex. App.—El Paso 2019, no pet.). Nevertheless, the Court has the authority to dismiss an appeal for want of prosecution or because the appellant has failed to comply with a requirement of the appellate rules, a court order, or a notice from the clerk requiring a response or other action within a specified time. *See* TEX. R. APP. P. 42.3(b),(c); *Smith v. DC Civil Constr., LLC*, 521 S.W.3d 75, 76 (Tex. App.—San Antonio 2017, no pet.).

The Texas Rules of Appellate Procedure control the required contents and organization for an appellant's brief. *See* TEX. R. APP. P. 38.1. An appellate brief is "meant to acquaint the court with the issues in a case and to present argument that will enable

2

the court to decide the case . . . ." *Id.* R. 38.9. Therefore, an appellant's brief must contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *Id.* R. 38.1(i). This requirement is not satisfied by merely uttering brief conclusory statements unsupported by legal citations. *Sweed v. City of El Paso*, 195 S.W.3d 784, 786 (Tex. App.—El Paso 2006, no pet.). A brief must explain how the law that is cited is applicable to the facts of the case. *See Hernandez v. Hernandez*, 318 S.W.3d 464, 466 (Tex. App.—El Paso 2010, no pet.); *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex. App.—Amarillo 2003, pet. denied); *Nguyen v. Kosnoski*, 93 S.W.3d 186, 188 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

It is the appellant's burden to discuss his assertions of error, and "we have no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error." *Hernandez*, 318 S.W.3d at 466. When an appellant's brief fails to contain a clear and concise argument for the contentions made with appropriate citations to authorities, the appellate court is not responsible for doing the legal research that might support a party's contentions. *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). If we were to do so, we would be abandoning our role as judges and assuming the role of advocate for that party. *Id.*

The rules expressly require us to construe briefing rules liberally. *See* Tex. R. App. P. 38.9. Accordingly, appellate briefs are to be construed reasonably so as to preserve the right to appellate review. *El Paso Nat. Gas v. Minco Oil & Gas, Inc.*, 8 S.W.3d 309,

316 (Tex. 1999). Nevertheless, litigants are required to substantially comply with the appellate rules. *See* TEX. R. APP. P. 38.9; *Harkins v. Dever Nursing Home*, 999 S.W.2d 571, 573 (Tex. App.—Houston [14th Dist.], 1999, no pet.). In this regard, pro se litigants are held to the same standards as licensed attorneys, and they must similarly comply with all applicable rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Smale v. Williams*, 590 S.W.3d 633, 639 (Tex. App.—Texarkana 2019, no pet.); *Smith*, 521 S.W.3d at 76; *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.).

If an appellate court determines that the briefing rules have been flagrantly violated, it may require a brief to be amended, supplemented, or redrawn. TEX. R. APP. P. 38.9(a); *see id.* R. 44.3 ("A court of appeals must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities."). An appellant is provided with a reasonable time to amend his or her brief under these circumstances. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994). If the appellant files another brief that does not comply with the rules of appellate procedure, the appellate court may strike the brief, prohibit the party from filing another, and proceed as if the party had failed to file a brief. *See* TEX. R. APP. P. 38.9(a). Pursuant to Texas Rule of Appellate Procedure 38.8(a), where an appellant has failed to file a brief, the appellate court may dismiss the appeal for want of prosecution. *See id.* R. 38.8(a); *Attaway v. Clark*, 391 S.W.3d 647 (Tex. App.—Dallas 2013, no pet.).

4

In the instant case, appellant filed a brief and an amended brief that did not meet the requirements of the appellate rules. *See generally* TEX. R. APP. P. 9.4, 38.1. Appellant's statement of facts includes argument and does not include record references; her brief fails to contain a clear and concise argument for the contentions made with appropriate citations to the record; and her brief fails to include an appropriate appendix. *See id.* R. 38.1(b),(g),(i),(k). In fact, appellant's brief fails to contain any citations to the appellate record. *See id.* R. 38.1(d),(g),(i).

Appellant has been provided with the opportunity to correct these defects but has failed to do so, and more than a reasonable time has passed. *See id.* R. 42.3(b); *id.* R. 44.3; *Fredonia State Bank*, 881 S.W.2d at 284. In short, appellant has failed to comply with the appellate rules or respond to the directives of the Clerk regarding filing a second amended brief. *See* TEX. R. APP. P. 42.3(c).

Based on the foregoing, we strike appellant's non-conforming brief, prohibit appellant from filing another, and proceed as if appellant had failed to file a brief. *See id.* R. 38.9(a). We dismiss this appeal for want of prosecution and because the appellant failed to comply with the requirements of the appellate rules and directives from the Clerk. *See id.* R. 38.8(a)(1); *id.* R. 38.9(a); *id.* R. 42.3(b),(c); *Johnson v. Dallas Hous. Auth.*, 179 S.W.3d 770, 770 (Tex. App.—Dallas 2005, no pet.). Appellant's "Amended Motion Challenging Order to Pay Court Cost[s]" is likewise dismissed.

JAIME TIJERINA
Justice

Delivered and filed on the
31st day of March, 2022.

5