

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00129-CV

———————————————

MARCEL HOWARD, Appellant

V.

CASSANDRA LEE HORNE, Appellee

---

On Appeal from the 231st District Court
Tarrant County, Texas
Trial Court No. 231-657232-19

---

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Appellant Marcel Howard appeals the trial court's divorce decree.  We affirm.

## I.  BACKGROUND

Howard and Appellee Cassandra Lee Horne both appeared with counsel at the April 6, 2021 bench trial.  After hearing the evidence, the trial court made its oral rulings.

Still represented by counsel, Howard filed a notice of appeal on May 4, 2021. And on May 5, 2021, counsel filed a timely motion for new trial on Howard's behalf.

Thereafter, on June 21, 2021, however, Howard's counsel filed a motion to withdraw.  The motion indicated that Howard no longer wished to retain counsel and wished, instead, to represent himself.  On June 22, 2021, the trial court signed an order permitting counsel to withdraw.

On July 13, 2021, the trial court had a hearing for entry of the final decree of divorce.  On that date, the trial court signed the final judgment.  Although Howard's May 4, 2021 notice of appeal was premature, it nevertheless perfected his appeal.  *See* Tex. R. App. P. 27.1(a).

Three days later, on July 16, 2021, Howard filed a pro se motion for new trial, which the trial court set for a hearing on August 30, 2021.  Our record contains no order ruling on Howard's pro se motion for new trial.  *See* Tex. R. Civ. P. 329b(c).

Howard filed a pro se appellant's brief on November 24, 2021.  Due to numerous defects, we requested by clerk's letter that Howard file an amended brief by

December 9, 2021. *See* Tex. R. App. P. 38.9. Howard filed an amended brief on December 9, 2021, but his amended brief still contained numerous deficiencies. Horne filed her appellee's brief, and Howard filed a reply brief that also contained numerous deficiencies.

## II. DISCUSSION

Howard presents legal authorities, but he presents them in the abstract. His legal authorities are not tied to any of his complaints. *See* Tex. R. App. P. 38.1(i). And although Howard articulates complaints in his pro se brief, he does not address whether he preserved those complaints in the trial court, *see* Tex. R. App. P. 33.1, or support them with legal arguments and authorities, *see* Tex. R. App. P. 38.1(i). Finally, Howard does not provide any record references. *See* Tex. R. App. P. 38.1(g).

We are to construe the briefing rules liberally. *See* Tex. R. App. P. 38.9. Although substantial compliance with the briefing rules suffices, it is not our duty to fashion legal arguments on a party's behalf. *Harris Cnty. v. Ramirez*, 581 S.W.3d 423, 429 (Tex. App.—Houston (14th Dist.) 2019, no pet.).

Additionally, Howard's noncompliance with the rules is substantial. Under these circumstances, the rules authorize us to strike Howard's brief, to prohibit him from filing another, and to proceed as if he had failed to file a brief. *See* Tex. R. App. P. 38.9(a); *Smith v. DC Civil Constr., LLC*, 521 S.W.3d 75, 76 (Tex. App.—San Antonio 2017, no pet.) (per curiam). We decline to take that route. On the other hand, asking Howard to file a second amended brief after we have already asked him to file an

3

amended brief seems pointless. *See* Tex. R. App. P. 38.9(b). As best we can, we will address his complaints within the parameters of his deficient brief.

## A. HIDING ASSETS

Howard complains that Horne tried to hide assets. The record shows that the trial court was aware—based on Horne's testimony—that she had been less than candid. For example, Horne admitted lending money to "a lady" but maintained that the lady had repaid the loan, so the money was back in the community. Horne also admitted removing $18,000 from her bank account to retain the funds as a down payment on a home that she wanted to purchase. She explained, "I withdrew it because I didn't want him to have it because I saved up three years for that money." But she also maintained that she had returned the $18,000 to her bank account. She lamented, "[H]e's making it seem like I'm spending this money. That's money all saved. That 18,000, if he adds all that up, that's all money saved[.]" Horne further admitted traveling to the Dominican Republic and spending about $4,000 on cosmetic surgery or—as Howard described it—"a mommy makeover," which raised concerns about depletion of the marital estate.

To the extent that Horne was less than candid, the record shows that Howard is correct, but the record also shows that the trial court was aware of the problem. In a bench trial, the trial court is the sole judge of the credibility of the witnesses. *See Smith v. Smith*, No. 02-20-00370-CV, 2022 WL 1682427, at *14 (Tex. App.—Fort Worth May 26, 2022, no pet.) (mem. op.). Consequently, to the extent that Howard

4

argues that the trial court erred by believing anything that Horne said, Howard's argument fails because the trial court, as the factfinder, had the ultimate call on what to believe. *See id.*

We overrule this complaint. To the extent that this complaint impacts the property division, we address that complaint separately.

## B. RETROACTIVE CHILD SUPPORT

Howard complains about retroactive child support. We note that the attorney general intervened and sought retroactive child support. We also note that a court can order retroactive child support. *See* Tex. Fam. Code Ann. § 154.009.

Howard contends, however, that the trial court did not order him to pay retroactive child support and that the attorney general backdated his child support to achieve the same ends. The clerk's record shows the trial court's temporary orders did not order retroactive child support but reserved the issue for later. Whether the attorney general backdated the child support order to collect retroactive child support is another matter.

At trial, Horne requested retroactive child support—nine months at $654 per month for a total of $5,886—but Howard objected that the attorney general's office had already been taking retroactive child support out of his paycheck. The trial court stated, "All right. If it hadn't already been ordered, then I'm ordering -- I'll go ahead and order that -- $5,886 in retro child support." During the trial, however, whether Howard had already been paying retroactive child support remained unresolved.

5

The divorce decree, which the trial court signed several months after the trial, does not order retroactive child support. Given that the trial court expressly ordered retroactive child support at the trial, this omission is curious. Although unclear, one way to explain its absence is that by the time the trial court signed the decree, Howard had already paid off the retroactive child support, so ordering retroactive child support had become moot. The motion for new trial filed by Howard's counsel did not mention retroactive child support. Howard's pro se motion for new trial similarly did not mention retroactive child support. Consequently, to the extent that Howard's complaint is not moot, the record is not sufficiently developed to resolve it. *See Pelloat v. Bolenbaucher*, No. 09-17-00415-CV, 2018 WL 2339644, at *3 (Tex. App.—Beaumont May 24, 2018, pet. denied) (mem. op.). Assuming that Howard has shown error, he has not shown harm. *See* Tex. R. App. P. 44.1(a).

We overrule this complaint.

### C. Increase in Amount of Child Support

Next, Howard complains that the trial court arbitrarily raised his monthly child support payment from $654 to $741. The record shows that the $654 amount was based on Howard's assertion that he worked forty hours per week, but at trial Howard testified that he frequently worked overtime and was paid for it; the $741 amount was based on Howard's testimony that he was frequently paid overtime, which increased his annual salary. Therefore, Howard's child support payment was not raised

6

arbitrarily but was raised to reflect Howard's actual income, which he had previously underreported.

We overrule Howard's complaint that his child support was raised arbitrarily. *See Smith*, 2022 WL 1682427, at *2 (stating that courts review child support awards under an abuse of discretion standard).

### D. PROPERTY DIVISION

Howard's other complaints fall into the broad category of dissatisfaction with the overall property division. Although Howard complains about particulars, he makes no effort to show how the overall division was manifestly unjust.

The trial court is to divide a marital estate in a manner that it deems "just and right, having due regard for the rights of each party." Tex. Fam. Code Ann. § 7.001; *Touponse v. Touponse*, No. 02-20-00285-CV, 2021 WL 2753504, at *3 (Tex. App.—Fort Worth July 1, 2021, no pet.) (mem. op.). We review the trial court's property division for an abuse of discretion. *See Murff v. Murff*, 615 S.W.2d 696, 698–99 (Tex. 1981); *Touponse*, 2021 WL 2753504, at *3. We presume that the trial court exercised its discretion properly. *See Murff*, 615 S.W.2d at 698–99; *Touponse*, 2021 WL 2753504, at *3. If the division is manifestly unfair, a trial court abuses its discretion. *See Mann v. Mann*, 607 S.W.2d 243, 245 (Tex. 1980); *Touponse*, 2021 WL 2753504, at *3.

Howard's pro se brief does not show that the property division is manifestly unjust and, thus, does not show that the trial court abused its discretion. We will not make Howard's arguments for him. *See Harris Cnty.*, 581 S.W.3d at 429.

7

We overrule this complaint.

## III. CONCLUSION

We hold that Howard has not shown reversible error and, accordingly, affirm the trial court's judgment.

/s/ Brian Walker

Brian Walker
Justice

Delivered:  August 25, 2022