

# NUMBER 13-23-00179-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

RUEBEN BARRERA A/K/A
RUBEN BARRERA A/K/A
RUBEN E. BARRERA JR.,                                    Appellant,

v.

CANDICE ANDERSON HARPER
POA BARBARA DIGGS,                                       Appellee.

## On appeal from the County Court at Law No. 10
## of Bexar County, Texas.

# MEMORANDUM OPINION

### Before Justices Tijerina, Silva, and Peña
### Memorandum Opinion by Justice Silva

On April 5, 2023, appellant Rueben Barrera a/k/a Ruben Barrera a/k/a Ruben E.

Barrera Jr. filed a pro se notice of appeal regarding a judgment of eviction rendered

against him and all of the other occupants of a residential property located in Kirby,

Texas.[1] On May 15, 2023, the Clerk of this Court requested appellant to pay the $205.00 filing fee for the notice of appeal within ten days. *See* TEX. R. APP. P. 5 ("A party who is not excused by statute or these rules from paying costs must pay—at the time an item is presented for filing—whatever fees are required by statute or Supreme Court order. The appellate court may enforce this rule by any order that is just."); TEX. GOV'T CODE ANN. § 51.207 (delineating the required fees and costs in an appellate court). The Clerk also advised appellant that the notice of appeal failed to comply with Texas Rules of Appellate Procedure 9.5(e), and 25.1(d)(2), (d)(4), and requested correction of these defects. *See* TEX. R. APP. P. 9.5(e), 25.1(d)(2), (d)(4); *see also id.* R. 37.1.

On June 13, 2023, the Clerk notified appellant that he was delinquent in submitted the filing fee for the notice of appeal and informed him that the appeal would be dismissed if the filing fee was not paid. *See id.* R. 42.3(b), (c). On June 21, 2023, the Clerk again advised appellant that the notice of appeal was defective, requested correction of the defects, and advised appellant that the appeal would be dismissed if the defects were not corrected. *See id.*

On June 23, 2023, the Clerk notified appellant by email that our records failed to reflect that he had received our letter of June 13, 2023, that he was delinquent in submitted the filing fee for the notice of appeal, and that the appeal would be dismissed if the filing fee was not paid within ten days. *See id.* Similarly, on July 13, 2023, the Clerk notified appellant by email that our records failed to reflect that he had received our letter

---

[1] This case is before the Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

of June 21, 2023, that the notice of appeal was defective, requested correction of the defects, and advised appellant that the appeal would be dismissed if the defects were not cured within ten days. *See id.*

To date, appellant has neither paid the filing fee for the notice of appeal nor filed a corrected notice of appeal. This Court has the authority to dismiss an appeal because the appellant has failed to comply with a requirement of the appellate rules, a court order, or a notice from the clerk requiring a response or other action within a specified time. *See id.* R. 42.3(b), (c); *Smith v. DC Civil Constr., LLC*, 521 S.W.3d 75, 76 (Tex. App.—San Antonio 2017, no pet.). Here, appellant has not paid the appellate filing fee and has not filed a corrected notice of appeal. Accordingly, we dismiss this appeal. *See* TEX. R. APP. P. 42.3(b), (c).

CLARISSA SILVA
Justice

Delivered and filed on the
17th day of August, 2023.