

## NUMBER 13-23-00576-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

CORNELIUS CABRERA,                                         Appellant,

v.

DISCOVERY BANK,                                           Appellee.

## ON APPEAL FROM THE 94TH DISTRICT COURT
## OF NUECES COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Peña
Memorandum Opinion by Chief Justice Contreras**

On December 13, 2023, appellant Cornelius Cabrera filed a pro se notice of appeal from a default judgment rendered in favor of appellee Discover Bank. That same day, the Clerk of this Court notified appellant that the notice of appeal was defective and did not comply with Texas Rules of Appellate Procedure 9.1(b), 9.5, 25.1(d)(1), (2), (4), and 25.1(e). *See* TEX. R. APP. P. 9.1(b), 9.5, 25.1(d)(1), (2), (4); 25.1(e). The Clerk also

directed appellant to pay the $205.00 filing fee for the notice of appeal within ten days. *See id.* R. 5 ("A party who is not excused by statute or these rules from paying costs must pay—at the time an item is presented for filing—whatever fees are required by statute or Supreme Court order. The appellate court may enforce this rule by any order that is just."); TEX. GOV'T CODE ANN. § 51.207 (delineating the required fees and costs in an appellate court).

On January 17, 2024, the Clerk of this Court notified appellant by certified mail that the defects in his notice of appeal had not been corrected and that the appeal was subject to dismissal if the defects were not corrected within ten days. *See* TEX. R. APP. P. 42.3(b), (c). On February 22, 2024, the Clerk provided this same notice to appellant by regular mail. On January 24, 2024, the Clerk notified appellant by certified mail that he was delinquent in paying the filing fee for his notice of appeal and that the appeal was subject to dismissal if the filing fee was not paid within ten days. *See id.* R. 42.3(b), (c). On February 13, 2024, the Clerk provided this same notice to appellant by regular mail. On February 22, 2022, both of the notices that the Clerk sent to appellant by certified mail were returned to the Court marked with the designations "return to sender," "unclaimed," and "unable to forward."

Texas Rule of Appellate Procedure 9.1(b) requires unrepresented parties to sign any document filed and "give the party's mailing address, telephone number, fax number, if any, and email address." *Id.* R. 9.1(b); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 30.015(d) ("If the party's address changes during the course of a civil action, the party or the party's attorney must provide the clerk of the court with written notice of the party's

new address."). Although appellant's pro se notice of appeal included appellant's mailing address, appellant failed to keep the Court apprised of his current mailing address. Further, appellant has not provided this Court with a telephone number, a fax number, or an email address.

This Court has the authority to dismiss an appeal because the appellant has failed to comply with a requirement of the appellate rules, a court order, or a notice from the clerk requiring a response or other action within a specified time. *See* TEX. R. APP. P. 42.3(b), (c); *Smith v. DC Civil Constr., LLC*, 521 S.W.3d 75, 76 (Tex. App.—San Antonio 2017, no pet.). Here, appellant has not paid the appellate filing fee and has not filed a corrected notice of appeal. Accordingly, we dismiss this appeal. *See* TEX. R. APP. P. 42.3(b), (c).

DORI CONTRERAS
Chief Justice

Delivered and filed on the
11th day of April, 2024.