

# NUMBER 13-24-00452-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

SEAN WHITEHEAD AND
POC MARINA, LLC A/K/A
MARINA DEL MAR, LLC                                                 Appellants,

v.

MICHAEL WEYNAND, TRAVIS
MATERIALS LAND COMPANY, LTD.,
AND TRAVIS MATERIALS LAND
PORT O'CONNOR, LP,                                                   Appellees.

## ON APPEAL FROM THE 135TH DISTRICT COURT
## OF CALHOUN COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Cron**
**Memorandum Opinion by Justice Cron**

This cause is before the Court on appellants' second amended motion to abate the

appeal and on appellees' motion to dismiss. On September 13, 2024, appellants filed a

pro se notice of appeal attempting to appeal a final judgment in trial court cause number 2020-CV-3991-DC.[1] We are of the opinion that the case should now be dismissed, as appellants have failed to adequately prosecute the appeal and have otherwise failed to comply with a notice from the Clerk of the Court requiring a response or other action within a specified period of time.

On September 16, 2024, the Clerk of the Court requested appellants pay the $205.00 filing fee for the notice of appeal within ten days. *See* TEX. R. APP. P. 5 ("A party who is not excused by statute or these rules from paying costs must pay—at the time an item is presented for filing—whatever fees are required by statute or Supreme Court order. The appellate court may enforce this rule by any order that is just."); TEX. GOV'T CODE ANN. § 51.207 (delineating the required fees and costs in an appellate court).

On November 4, 2024, the Clerk of the Court notified appellants that they were delinquent in submitting the filing fee for the appeal and informed them that the appeal would be dismissed if the filing fee was not paid within 10 days from the date of the notice. *See id.* R. 42.3(c). On March 3, 2025, appellants filed a statement of inability to afford payment of court costs or an appeal bond. Accordingly, we abated the matter in order for the trial court to make an indigency determination. Upon review of the record before us, the trial court has determined that appellants were provided adequate notice and failed to appear before the trial court at a hearing to address and determine ~~his~~ indigency.

To date, appellants have failed to pay to the appellate filing fee. This Court has the

---

[1] Appellants' original notice of appeal indicated POC Marina, LLC was an appellant; however, this party never made a legal appearance before us, and it is our opinion POC Marina, LLC is not a legitimate party to this appeal.

authority to dismiss an appeal because the appellants have failed to comply with a requirement of the appellate rules, a court order, or a notice from the clerk requiring a response or other action within a specified time. *See id.* R. 42.3(b), (c); *Smith v. DC Civil Constr., LLC*, 521 S.W.3d 75, 76 (Tex. App.—San Antonio 2017, no pet.). Here, appellants have failed to pay the appellate filing fee and has not established a statutory exemption from payment. Accordingly, we reinstate the case, grant appellees' motion to dismiss, and dismiss the appeal. *See* TEX. R. APP. P. 42.3(c). Furthermore, we deny appellants' second amended motion to abate as well as any other motion pending in this matter.

JENNY CRON
Justice

Delivered and filed on the
1st day of May, 2025.

3