**Fred HEAD, Relator,**

v.

**The TWELFTH COURT OF APPEALS, Respondent.**

No. D–0987.

Supreme Court of Texas.

June 19, 1991.

---

Fred Head, Athens, for relator.

Otis Carroll, James Patrick Kelley, Tyler, for respondent.

PER CURIAM.

Fred Head, appellant before the Honorable Twelfth Court of Appeals in Tyler, requested leave to file an out-of-time appellate brief. The motion was unopposed. The court of appeals overruled Head's motion, and Head seeks relief from that order through this mandamus proceeding.

Head received a notice from the court of appeals ordering him to file his appellate brief on or before January 22, 1991 at 5:00 p.m. Head obtained permission to file the brief by 7:00 p.m. by taking it to the home of a deputy clerk. While traveling to Tyler from his office in Athens, Head's car broke down. He called the deputy clerk and she informed him that she could not accept the brief after 7:00 p.m. He attempted to contact the clerk of the court, but was unable to reach her. Head arrived in Tyler shortly after 8:00 p.m. and contacted the Chief Justice of the court, who told Head he could bring the brief to his home and that he would deliver it to the clerk. Head delivered the brief to the Chief Justice that evening. Head filed a motion for leave to file the brief, and the court of appeals denied the motion.

The reasons for the court of appeals' denial of the motion do not appear in the record. We conclude, pursuant to Texas Rule of Appellate Procedure 74(*l*), that the motion reasonably explains Head's late-filing of the brief and that appellee would not have suffered any material injury if the court had accepted the brief. The court of appeals clearly abused its discretion in denying the motion for leave to file the brief. *See, Nolan v. Ramsey,* 783 S.W.2d 212 (Tex.1990); *Garcia v. Kastner,* 774 S.W.2d 668 (Tex.1989).

Therefore, a majority of the Court grants leave to file the petition, and pursuant to Rule 122 of the Texas Rules of Appellate Procedure, without hearing oral argument, conditionally grants the writ of mandamus. If the Twelfth Court of Appeals fails to accept and consider Relator's appellate brief on its merits, the writ will issue.