**114**

Frank John STANGEL, Petitioner,

v.

Janice Hollums PARKER and Sara Lee Corporation d/b/a Maryland–Sara Lee Corporation, Respondents.

No. 97–0181.

Supreme Court of Texas.

March 21, 1997.

Rehearing Overruled June 12, 1997.

Frank John Stangel, Irving, for Petitioner.

Timothy King Fifer, Dalla, for Respondents.

PER CURIAM.

Frank Stangel, appellant before the Second Court of Appeals, moved that court to extend the time for filing his motion for rehearing. Appellees did not oppose Stangel's motion. The court of appeals denied Stangel's motion. Stangel now seeks relief from this Court under Tex.R.App. P. 100(g). Because Stangel's timely motion reasonably explains his need for additional time, we grant Stangel relief from the court of appeals' order.

The court of appeals affirmed the trial court's judgment against Stangel on January 9, 1997. A few days later, Stangel's trial counsel informed Stangel by letter that the law firm would not pursue further appeal, and advised Stangel that the deadline for filing a motion for rehearing was January 24, 1997. On January 22, 1997, Stangel, acting pro se, mailed a verified motion for extension of time to file a motion for rehearing to the court of appeals. In his motion, Stangel explained that he needed time to retrieve his file from his former counsel and to obtain a new lawyer. On February 4, 1997, the court of appeals denied Stangel's motion. The court of appeals did not give a reason for denying Stangel's motion.

■ Under Rule 100(a), a party has fifteen days after the court of appeals' rendition to file a motion for rehearing. Tex.R.App. P. 100(a). However, under Rule 100(g) a party can obtain a time extension if the party moves for an extension of time not later than fifteen days after the date for filing the motion for rehearing. Tex.R. Civ. P. 100(g); *see also* Tex.R.App. P. 73 (about the form of the motion for extension). The motion must contain facts that reasonably explain the need for additional time. Tex.R.App. P. 100(g). Consequently, if a party timely moves for a time extension to file its motion for rehearing and reasonably explains the need for an extension, the appellate court must grant the motion. *See Nolan v. Ramsey,* 783 S.W.2d 212, 213 (Tex. 1 court's decision). *Nolan,* 783 S.W.2d at 212; *see also Head v. Twelfth Court of Appeals,* 811 S.W.2d 570, 571 (Tex. 1991).

■ Here, Stangel met Rule 100(g)'s deadline by filing his motion for extension not later than fifteen days after the last date for filing a motion for rehearing. In fact, Stangel mailed his motion two days before the initial January 24 motion for rehearing filing

deadline, and the record reflects that the court of appeals received it the next day, on January 23. Additionally, Stangel's motion reasonably explains his need for more time. As in *Nolan,* we conclude that Stangel's timely motion reasonably explains the need for a time extension as Rule 100(g) requires. *See Nolan,* 783 S.W.2d at 213. The court of appeals abused its discretion by denying Stangel's extension request.

Stangel is entitled to file a motion for rehearing and to have the court of appeals rule on its merits. Accordingly, Stangel is extended fifteen days from the date of this opinion to file his motion for rehearing. The case is to remain in the court of appeals for a ruling on Stangel's motion for rehearing.