No. 04-98-00931-CV

Annette S. MUECKE,

Appellant

v.

James WOODLEY,

Appellee

From the 288th Judicial District Court, Bexar County, Texas

Trial Court No. 98-CI-10218

Honorable Peter Michael Curry, Judge Presiding

PER CURIAM

Sitting: Paul W. Green, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice

Delivered and filed: November 24, 1999

MOTION TO DISMISS FOR WANT OF PROSECUTION GRANTED; MOTION FOR
SANCTIONS DENIED; APPEAL DISMISSED FOR LACK OF PROSECUTION

 This appeal arises from a summary judgment denying a bill of review. Although the pro se
appellant, Annette Muecke, has filed numerous pleadings, she failed to file a brief in this case until
November 1, 1999, nor has she offered a reasonable explanation for the late filing. On September
2, 1999, appellee, James Woodley, filed a motion to dismiss for want of prosecution and a motion
for sanctions. We grant the motion to dismiss, deny the motion for sanctions, and dismiss the appeal
for want of prosecution.

 In 1993, Muecke, acting pro se, sued the appellee, James Woodley, for malpractice arising
from a child support matter. In July 1994, the trial court rendered summary judgment against
Muecke. Four years later, Muecke filed a bill of review, specifically alleging she "was prevented
from filing [an appeal] earlier, due to the fact that her daughter was a minor, and under direct attack
by those that were to correct the child support issues." At a later hearing, Muecke told the trial court
she was aware of the underlying summary judgment but was unable to appeal because she was
suffering severe financial and personal duress. On October 27, 1998, the trial court dismissed
Muecke's petition for bill of review. On November 4, 1998, Muecke timely appealed the order
dismissing her bill of review.(1)

 Muecke's brief was originally due May 17, 1999. We twice extended the due date and
indicated that no further extensions of time would be granted after July 16. Nonetheless, we granted
a third extension of time to July 30, once again noting that no further extensions would be granted.
On July 30, 1999, Muecke filed a fourth motion for extension of time to file her brief, which we
denied. Since May, Muecke has filed in this and other appeals several lengthy motions seeking
reconsideration of our prior rulings or some type of unconventional relief.(2)

 To be entitled to an extension of time, Muecke was required to reasonably explain the need
for an extension. See Tex. R. App. P. 10.5(b)(1)(C) & 38.8(a)(1). A reasonable explanation includes
circumstances indicating that failure to file was not deliberate or intentional, but was the result of
inadvertence, mistake, or mischance. Dimotsis v. State Farm Lloyds, 966 S.W.2d 657,657 (Tex.
App.--San Antonio 1998, interlocutory order) (citing Garcia v. Kastner Farms, Inc., 774 S.W.2d
668, 670 (Tex. 1989)).

 According to Muecke, she needed additional time to file her brief because she was suffering
severe personal and financial hardship. Although we sympathize with Muecke's situation, there was
no indication that her work schedule or living conditions prevented her from filing a brief. Cf. Jones
v. City of Houston, 976 S.W.2d 676, 677 (Tex. 1998) (suggesting that a doctor's note would support
a request for time based on poor health); Weik v. Second Baptist Church of Houston, 988 S.W.2d
437, 439 (Tex. App.--Houston [1st Dist.] 1999, pet. denied) (holding that failure to timely file an
appeal bond to better one's position in the trial court is a deliberate course of conduct that fails to
reasonably support an extension of time); In re Estate of Dilasky, 972 S.W.2d 763, 768 (Tex.
App.--Corpus Christi 1998, no pet.) (finding no "adequate explanation" for failing to file a brief and
enjoining pro se appellant from filing additional pleadings). Instead, Muecke chose to file various
pleadings rather than file her brief. Because we found Muecke's conduct deliberate or intentional,
we denied her motion for extension of time on August 10, 1999, and entered an order stating "This
appeal will be dismissed ten days from the date of this order unless appellant reasonably explains
the failure to file a brief. See Tex. R. App. P. 38.8(a)(1) & 42.3(b-c)."

 In response to our August 10 order, Muecke has filed three responses, two of which are
untimely. In each response, Muecke goes to great lengths to explain how she has been wronged in
this court and in the trial court. However, there is a dearth of explanation as to why she has failed
to file a brief within the applicable time deadlines. Muecke says she drives a cab and her schedule
is hectic and difficult. She also notes that she suffered severe headaches in March 1999. She does
not explain how either her work,(3) or her headaches in March, prevented her from filing a brief by
July 30, 1999, when she clearly found time to file several lengthy motions seeking reconsideration
of our prior rulings or some type of unconventional relief, in both this and other appeals pending
before this court. 

 Because Muecke's conduct was deliberate or intentional, we denied her motion for extension
of time. For the same reasons, we now grant the appellee's motion to dismiss and dismiss Muecke's
appeal for want of prosecution. We deny the appellee's motion for sanctions.

 PER CURIAM


DO NOT PUBLISH


1. The trial court sustained a contest to Muecke's affidavit of indigence and further found that her appeal was
frivolous. See Tex. R. App. P. 20.1; Tex. Civ. Prac. & Rem. Code Ann. § 13.003 (Vernon Supp. 1999). After reviewing
the applicable record, we affirmed the trial court's indigency ruling.
2. Muecke's motions in this appeal include, among other things, a motion to strike trial court rulings, two motions
to strike the appellee's response to Muecke's prior motion for extension of time, and three motions to transfer original
documents. Several documents and their exhibits exceed twenty pages each.
3. Muecke's reliance on Head v. Twelfth Court of Appeals, 811 S.W.2d 570 (Tex. 1991), is misplaced. In Head,
the party missed a 5:00 p.m. deadline to file a brief because his car broke down en route to the court. The court found
the explanation was reasonable and the brief should have been accepted. Here Muecke alleges that because she drives
a cab that frequently breaks down, she should be excused for not filing a brief for some two and a half months after its
original due date.