

# NUMBER 13-21-00288-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CASTINE MCILHARGEY AND
JODY MCINTYRE, INDIVIDUALLY, AND
DERIVATIVELY ON BEHALF OF
A+ PRO RECOVERY AND TOWING, LLC,                    Appellants,

v.

ERIK M. HAGER, JASON RIOS,
EDUARDO PENA, JOANNA PENA, AND
SOUTH PADRE TOWING AND
RECOVERY, LLC,                                      Appellees.

On appeal from the 107th District Court
of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria**
**Memorandum Opinion by Justice Longoria**

Appellants Castine McIlhargey and Jody McIntyre, individually, and derivatively on

behalf of A+ Pro Recovery and Towing, LLC (A+ Pro), have filed an opposed amended motion for extension of time to file their brief in this matter. Appellants requested a thirty-day extension of time to file their brief. Appellees Eduardo Pena and Joanna Pena oppose this extension and argue instead that we should dismiss this appeal.[1] We deny appellants' amended motion for extension of time and we dismiss the appeal.

## I.     BACKGROUND

In this appeal, appellants challenge the trial court's September 2, 2021 "Interim Instanter Order Nunc Pro Tunc" and subsequent sanction and contempt orders. In the order of September 2, 2021, the trial court allowed appellants' counsel to withdraw, noting that appellants did not object to the withdrawal of their attorney, and thereafter proceeded to address the propriety of temporary injunctive relief. This order further stated that appellants "were allowed to argue, present evidence, witness testimony, and object, however, [they] voluntarily elected not to participate and therefore, waived all . . . objections on behalf of themselves." The order thereafter concluded, *inter alia*, that: (1) the ownership of A+ Pro as between McIntyre, McIlhargey, and Hager was disputed; (2) expert evidence called into question the "authenticity and legitimacy" of McIntyre and McIlhargey's claims to ownership of A+ Pro; (3) A-Pro Towing and Recovery, LLC (A-Pro) and A+ Pro entered into a valid "Asset Purchase Agreement," dated December 24, 2019; (4) A-Pro was a secured party regarding the assets of A+ Pro as detailed in a security agreement between the parties; (5) A-Pro had not received payments due under the

---

[1] Appellees are Erik M. Hager, Jason Rios, Eduardo Pena, Joanna Pena, and South Padre Towing and Recovery, LLC.

2

Asset Purchase Agreement; (6) McIntyre and McIlhargey had expended funds belonging to A+ Pro; (7) A-Pro had suffered the loss of secured assets during the pendency of the litigation; and (8) McIntyre and McIlhargey had transferred title to secured assets without A-Pro's permission. The trial court's order allowed A-Pro to recover the assets listed in the Asset Purchase Agreement and the physical premises for the towing business, and required McIntyre and McIlhargey to turn over and surrender the business's assets, premises, and operating permits to A-Pro. The order further required McIntyre and McIlhargey to provide an accounting and set the lawsuit to be heard at a future bench trial.

Appellees thereafter asserted that appellants had failed to comply with the trial court's order, and the trial court agreed. In orders signed on September 20, 2021 and November 17, 2021, the trial court sanctioned appellants for failing to comply with its order, set an appellate bond at $250,000, and ultimately entered a default judgment of contempt against appellants when they failed to appear.

This appeal ensued. It arises from trial court cause number 2020-DCL-03294-A in the 107th District Court of Cameron County, Texas. It joins a series of pro se appeals and original proceedings filed by appellants pertaining to the underlying dispute. *See McIlhargey v. Hager*, No. 13-21-00291-CV, 2021 WL 4995569, at *1 (Tex. App.—Corpus Christi–Edinburg. Oct. 28, 2021, no pet.) (mem. op.) (dismissing an appeal for want of prosecution because the appellants failed to pay for the clerk's record); *In re McIntyre*, No. 13-21-00290-CV, 2021 WL 4156010, at *1 (Tex. App.—Corpus Christi–Edinburg Sept. 13, 2021, orig. proceeding) (mem. op.) (denying mandamus relief regarding the trial

3

court's alleged abuse of discretion in denying relators' motion to compel arbitration and in allowing relators to proceed without the benefit of counsel); *In re McIlhargey*, No. 13-20-00395-CV, 2021 WL 1046497, at *1 (Tex. App.—Corpus Christi–Edinburg Mar. 18, 2021, orig. proceeding) (mem. op.) (denying mandamus relief regarding the trial court's failure to rule on relators' motion to compel arbitration); *McIlhargey v. Hager*, No. 13-20-00407-CV, 2021 WL 1046499, at *1 (Tex. App.—Corpus Christi–Edinburg Mar. 18, 2021, no pet.) (mem. op.) (reversing and remanding an order granting injunctive relief).

Appellees Eduardo and Joanna Pena previously filed a motion to dismiss the appeal currently before this Court for want of prosecution. They also filed a motion to lift the stay that we had imposed in this case. Appellees asserted, in relevant part, that appellants had "abused the accelerated appeals process to delay" the proceedings and were "buying themselves more time to earn revenue from a business they do not own." On March 8, 2022, this Court issued an order which denied these motions "given the subject matter of the pending appeal and the chronological sequence of events in this case." Specifically, we noted that on February 24, 2022, this Court reinstated the appeal after an abatement when appellants were found to be indigent, and we notified the parties that the appellate timetables had commenced. We stated that four volumes of the clerk's records had been filed on March 1, 2022, that the reporter's record was due to be filed by March 7, 2022, and that appellants' brief would be due twenty days after the date the reporter's record was filed. *See* Tex. R. App. P. 38.6(a)(1), (2). Thus, we denied the appellees' motions without prejudice, but we cautioned appellants as follows:

4

In so ruling, however, we appreciate the seriousness of the issues raised by appellees regarding the subject matter of the appeal and the allegations that appellants are engaging in intentional delay. Therefore, we will require strict adherence to the appellate timetable and will look with disfavor upon any requests for extension of time to file the appellate briefs in this matter. We will not favorably entertain any motion for extension of time regarding filing a brief unless the movant alleges extraordinary circumstances and supports the request for an extension with appropriate argument and evidence. *See generally* TEX. R. APP. P. 10.1, 10.2, 10.5(b).

Subsequently, however, the reporter's record was not filed. Accordingly, the Clerk of this Court notified appellants that they had failed to request the reporter's record, directed them to correct this defect within ten days, and advised them that the Court would consider and decide those issues that did not require a reporter's record if the defect was not cured.

Nevertheless, the reporter's record was not filed, and appellants did not file a brief. Therefore, on March 29, 2022, we issued an order stating that appellants' brief was past due. *See id.* We ordered appellants to file their brief with this Court by April 1, 2022. Again, we advised appellants that due to the history of this case, we would not favorably entertain a motion for extension of time regarding filing the brief unless the appellants alleged an extension was required due to extraordinary circumstances and the appellants supported their request for an extension with appropriate argument and evidence. *See generally id.* R. 10.1, 10.2, 10.5(b). We advised appellants that if they failed to timely file the brief, the appeal would be dismissed. *See id.* R. 42.3(b), (c).

In response, appellants filed the opposed motion for extension of time to file their brief as previously discussed. In support of their request for an extension, appellants offered their "regular professional matters and obligations" as an explanation for the

5

requested extension of time. They also asserted that they had requested but not received, copies of the clerk's record and reporter's record, and "[w]ithout these records, it will be impossible for [a]ppellants to draft their brief." They assert that they requested the court reporter's record on September 3, 2021, September 22, 2021, December 21, 2021, and March 8, 2022. They conceded that the reporter "has prepared the originally requested record," we assume in one of the related appeals or original proceedings; however, they appear to assert that the reporter has not prepared other records that are "essential" to this appeal. Appellants also assert that:

> Additionally, Appellants are currently pro se defendants in forma pauperis in several related cases, two of which have hearings and other deadlines falling on or close to the current due date for Appellants' Brief. These cases include one eviction, retaliatory in nature, the basis for which is the order currently appealed in this matter in this court, and a second commercial eviction, also retaliatory in nature, wherein Appellees have attempted to circumvent this court's order staying execution of the appealed trial court's order through the Cameron County Justice Court. Both commercial eviction cases have been appealed to Cameron County Courts at Law, and Mr. Travis Bence, attorney for Appellees Jason Rios and South Padre Towing and Recovery LLC, is currently representing the plaintiffs in these commercial eviction cases. Mr. Bence has filed approximately forty motions between these two simple eviction cases, and more than half of these motions were filed in the past 30 days. Although Appellants have sought representation in these matters, unfortunately they have had to represent themselves, and the companies they are members of, in the justice court for these civil proceedings. It has been difficult enough for Appellants to navigate the appellate process – the additional obligations of these related cases and the volume of documents filed therein have overwhelmingly burdened Appellants' time and resources.

> Appellants seek this extension of time to allow the court reporter to submit the requested reporter's records to this Court, and to Appellants as requested, so that Appellants may prepare a cogent and concise brief to aid this Court in its consideration of the issues presented. This request is not sought for delay but so that justice may be done.

6

Appellants did not verify their motion for extension of time and did not offer evidence in support of their motion. Appellants asserted that their motion for extension of time did not need to be verified because "[a]ll facts recited in this motion are within the personal knowledge of the [a]ppellants filing this motion." Appellants attached unauthenticated copies of letters that they allegedly sent to the court reporter on September 22, 2021, December 21, 2021, and March 8, 2022, regarding the preparation of the record.

Appellees Eduardo and Joanna Pena have filed a response to appellants' motion for extension of time to file their brief. They vociferously oppose an extension of time and they request that this Court deny the appellants' motion and "instead dismiss this frivolous appeal for want of prosecution," or in the alternative, grant appellants more time to file their brief "while finally lifting the unjust stay on litigation that handcuffs [a]ppellees' ability to reclaim the business assets that [a]ppellants profit from illegally."[2] Further, the court reporter has now advised the Court that she provided appellants with part of the record, that she requested that they provide a designation of any additional record items sought on February 24, 2022, and that she has not heard from appellants in "many, many months."

## II.    ANALYSIS

We are to construe the Texas Rules of Appellate Procedure reasonably, yet

---

[2] By separate filing, appellees have also requested this Court to "schedule a status conference" on appellants' motion for extension of time and appellees' response thereto. We deny appellees' motion for such a status conference.

liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effectuate the purpose of a rule. *Republic Underwriters Ins. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004); *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997); *Jardon v. Pfister*, 593 S.W.3d 810, 820 (Tex. App.—El Paso 2019, no pet.). Nevertheless, the Court has the authority to dismiss an appeal for want of prosecution or because the appellant has failed to comply with a requirement of the appellate rules, a court order, or a notice from the clerk requiring a response or other action within a specified time. *See* TEX. R. APP. P. 42.3(b), (c); *Smith v. DC Civil Constr., LLC*, 521 S.W.3d 75, 76 (Tex. App.—San Antonio 2017, no pet.).

We previously informed appellants that we would not grant an extension of time in the absence of "extraordinary circumstances" supported with appropriate argument and evidence. *See id.* R. 10.1, 10.2, 10.5(b). Appellants' motion for extension of time is neither based on extraordinary circumstances nor is it supported with evidence. Appellants assert that they require an extension of time to file their brief based on their regular professional matters and obligations, the alleged failure to receive copies of the clerk's record and reporter's record, and the existence of pending litigation in other cases. These are not extraordinary circumstances. Further, appellants acknowledge that the reporter has prepared part of the record, and appellants fail to identify the additional parts of the record that they have deemed "necessary" for the appeal. We further note that appellants' allegations regarding their requests for the record stand in contrast to the events as described by the court reporter. In this regard, appellants have failed to support their request for an extension of time with evidence as directed. When a motion in this Court

8

depends on facts that are "(a) not in the record; (b) not within the court's knowledge in its official capacity; and (c) not within the personal knowledge of the attorney signing the motion," then the motion must be verified or supported by affidavit "or other satisfactory evidence." TEX. R. APP. P. 10.2. Appellants are not attorneys, and their motion depends on facts that are not in the record or within the Court's knowledge. Thus, their motion is required to be supported by evidence. *See id.*; *see also Allen v. Jungenberg*, No. 14-18-00712-CV, 2020 WL 1467368, at *1 (Tex. App.—Houston [14th Dist.] Mar. 26, 2020, pet. denied) (mem. op.) (regarding documents filed by pro se appellants).

As stated previously, we may dismiss an appeal when appellants fail to comply with the appellate rules, a court order, or a notice from the clerk requiring a response or other action within a specified time. *See* TEX. R. APP. P. 42.3(b),(c); *Smith,* 521 S.W.3d at 76. We may similarly dismiss an appeal for want of prosecution where an appellant fails to timely file a brief "unless the appellant reasonably explains the failure and the appellee is not significantly injured by the appellant's failure to timely file a brief." TEX. R. APP. P. 38.8(a)(1); *see Hone v. Hanafin*, 104 S.W.3d 884, 886 (Tex. 2003); *Head v. Twelfth Ct. of Appeals*, 811 S.W.2d 570, 571 (Tex. 1991). We conclude that appellants have not reasonably explained their failure to timely file a brief, and appellees are suffering injury to the subject matter of this appeal in terms of asset dissipation and diminution. Accordingly, we deny appellants' opposed motion for extension of time to file their brief.

### III.    CONCLUSION

The Court, having examined and fully considered this appeal, the record, and the pending motions, is of the opinion that it should be dismissed. Accordingly, we lift the stay

9

previously imposed in this case. We dismiss this appeal for want of prosecution and because the appellants failed to comply with the requirements of the appellate rules and directives from the Clerk. *See* TEX. R. APP. P. 38.8(a)(1), 38.9(a), 42.3(b), (c); *Johnson v. Dall. Hous. Auth.*, 179 S.W.3d 770, 770 (Tex. App.—Dallas 2005, no pet.).

NORA L. LONGORIA
Justice

Delivered and filed on the
28th day of April, 2022.