ACCEPTED
15-25-00144-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
9/22/2025 1:30 AM
CHRISTOPHER A. PRINE
CLERK

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
9/22/2025 1:30:33 AM
CHRISTOPHER A. PRINE
Clerk

No. 15-25-00144-CV

IN THE

15th  COURT OF APPEALS

at Austin, Texas

_____

Rich Robins,
Appellant,
v.
State Bar of Texas, et al
Appellees.

_____

Appealed from the 189th District Court of
Harris County, Texas as directed by Judge Tamika Craft

_____

APPELLANT'S MOTION TO FILE HIS AMENDED RESPONSE IN
OPPOSITION TO THE COURT'S TRANSFER ADVISORY

_____

Rich Robins
2450 Louisiana St. #400-155
Houston, TX 77006-2380
Rich@RichRobins.com
Tel. 713-574-6279

PRO SE APPELLANT

_____

APPELLANT'S MOTION TO FILE HIS AMENDED RESPONSE IN OPPOSITION TO THE COURT'S TRANSFER ADVISORY

_____

**Sept. 22nd, 2025**

Pro se appellant Rich Robins hereby files this motion to file his amended response to the court's pending ejection notice.

## A. Introduction

1. The Appellee (Plaintiff at the trial court level) is the State Bar of Texas & Commission for Lawyer Discipline (*hereinafter* the "State Bar"). Attorney Michael Graham is their appellate counsel.

2. The pro se Appellant (Defendant at the trial court level) is Rich Robins (*hereinafter* "Appellant Robins").

3. Pro se appellant Robins hereby files this motion to have his AMENDED response to the 15th Court of Appeals' advisory of transfer accepted. He is filing it moments after filing this motion. As further background, Appellant Robins mentions the following...

## B. Facts

4. Appellant Robins has worked earnestly to try to understand the 15th Court of Appeals' reported position, which he received on Saturday September 6th, 2025, that it lacks jurisdiction for matters against the State Bar of Texas even in the wake of relatively recent jurisprudence. While he e-filed a timely response by the deadline date of Friday, September 19th,

2025, it needed improvement.   Amidst recent computer woes reiterated below, Appellant Robins somehow inadvertently inserted as his exhibit his next-to-last (instead of his most recent) petition filed with the trial court here in Harris County.   He has remedied that, while also clarifying a few points made in his response.

5. Last week, Appellant Robins sought an extension of one month, but only got 4 days.  He adapted as best he could to those, and other challenging circumstances though.   As previously mentioned, unfortunately Appellant Robins' computer did not respond well to a recent upgrade to Windows 11.   Microsoft will, in approximately a couple of weeks, discontinue support for Windows 10.   The Appellant's computer "passed away" enduringly earlier this month.   Data rescue and transfer to the computer that he subsequently rushed to purchase remain ongoing even today.   Some of that data has been necessary for Appellant Robins' further formulating and fortifying his response to the 15th Court of Appeals' recent ejection notice.   Its inaccessibility is unfortunate.

## C. Argument & Authorities

6.  The Court of Appeals has the authority to amend a brief, etc. pursuant to **TRAP 38.7**. etc.   Fortunately the amended version is being filed contemporaneously with this motion, though.  As the Supreme Court of Texas has written, rather than disposing of appeals based on harmless procedural defects, "appellate courts should reach the merits of an appeal whenever reasonably possible." *Horton v. Stovall*, 591 S.W.3d 567 (2019); TRAP 44.3, etc.  Honoring our Constitution's promise of open courts and an opportunity to be heard, we endeavor to consider every appeal on its merits.

TEX. CONST. art. I § 13; *see Sax v. Votteler,* 648 S.W.2d 661, 664 (Tex. 1983) ("[Section 13] is, quite plainly, a due process guarantee.").

7. This amendment has been sought *not* to cause undue delay but rather to be able to improve the brief, for the benefit of all who might decide to read it or even derive behavior guidance from it. Appellant Robins is a fan of saving everyone time regarding resolving the relevant issues for the benefit of future generations. The court's granting Appellant Robins' request furthers that goal, especially as the 15th Court of Appeals increasingly finds its way with help potentially from external legal authorities. Texas needs a uniformity of interpretations of the State Bar of Texas' purported ethics rules, arguably more than it needs different state appellate courts being innovative with its interpretations such that different interests are served in different appellate regions while attorneys remain mystified and unduly pressured by in some cases extortionist bar prosecutors.

8. Appellant Robins also mentions that Texas caselaw embraces the policy that "an adjudication on the merits is preferred in Texas." *Holt Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 86 (Tex.1992). Furthermore, there is *Jones v. City of Houston. Jones v. City of Houston*, 976 S.W.2d 676, 677 (1998), as well as TRAP 44.3, etc. Permissible if not obligatory circumstances for such an accommodation can include (but are not limited to) brief-filing, especially when the opposing side is not unfairly prejudiced by the extension request's granting. *Head v. Twelfth Ct. of Appeals*, 811 S.W. 2d 570, 571 (Tex. 1991). Meanwhile Appellant Robins has always swiftly approved of any extension request made by the Appellee's employer (as former state bar counsel Matt Greer can confirm). All of this makes the

motion's respectfully requested granting seem within the realm of lawful permissibility, please.

## D. Conclusion

9. Pro se appellant Rich Robins hereby files this motion to have his amended response accepted. It is being filed contemporaneously (albeit separately) from this motion.

**Sincerely submitted**:

**Rich Robins**
Pro se appellant
2450 Louisiana St. #400-155
Houston, TX 77006-2380
Rich@RichRobins.com
Tel. 713-574-6279

No. 15-25-00144-CV

## **CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the above and foregoing Appellant's motion to amend his response will be served upon the Appellee by court-authorized electronic means pursuant to Texas Rule of Appellate Procedure 9.5 and also Rules 21 & 21a) of the Texas Rules of Civil Procedure on September 22nd, 2025.

Michael G. Graham
Appellate Counsel for the Appellee, the Commission for Lawyer Discipline
State Bar of Texas,
Box 12487
Austin, Texas 78711.
Tel. 512-427-1356
Michael.Graham@texasbar.com


BY:

Rich Robins

## **CERTIFICATE OF CONFERENCE**

Appellant Robins e-mailed Appellee's counsel Michael Graham about a deadline extension request of up until October of 2025, back on September 15th, 2025.  Although it was unopposed, Appellant Robins only received a 4 day extension from the court.   Appellant Robins needs to e-file this ASAP, before opposing counsel will re-awaken.   It seems axiomatic, though, that his having already approved until October the filing of this response means that the modification submitted early in the morning of the first business day after the (satisfied, yet much more brief) deadline is approved by opposing counsel.   If not, he is welcome to comment accordingly when he re-awakens.

**Sincerely submitted**:

**Rich Robins**
2450 Louisiana St. #400-155
Houston, TX 77006-2380
Rich@RichRobins.com
713-574-6279

_____

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Rich Robins on behalf of Rich Robins
Bar No. 00789589
rich@RichRobins.com
Envelope ID: 105876949
Filing Code Description: Motion
Filing Description: Motion to have accompanying amended response accepted.
Status as of 9/22/2025 7:31 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michael Graham | 24113581 | Michael.Graham@TEXASBAR.COM | 9/22/2025 1:30:33 AM | SENT |